## SARAH HUNTINGTON'S APPEAL FROM THE DOINGS OF COMMISSIONERS.

First Judicial District, Hartford, March Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Upon an appeal from the disallowance of a claim against an insolvent estate, it is competent for the Superior Court, under § 1029 of the General Statutes, to permit the claimant to amend the statement of his claim, provided he does not thereby change the "ground of action." *Held* that the "ground of action" referred to the real object of the creditor in presenting his claim, and that the allowance of an amendment extending the time within which domestic services were claimed to have been rendered, was within the discretion of the trial court.

The claimant gave a receipt for $8, "for services from October 14th to November 5th, in full of all demands to date." *Held* that the receipt itself afforded some evidence that it was given in settlement for services within the specified dates only, and that this was supplemented by evidence of the circumstances under which the payment was made and the receipt given.

The claimant alleged that the services in question were rendered under a promise to pay what they were reasonably worth at the death of the promisor, either by means of a suitable provision in her will, or, in lieu thereof, when presented as a claim against her estate. *Held* that the claimant's evidence, if believed by the jury, warranted them in finding that there was such a contract, and in rendering a verdict for the claimant for reasonable compensation.

Argued March 5th—decided April 2d, 1901.

APPEAL from the disallowance by commissioners on the insolvent estate of Adah A. S. Backus, deceased, of a claim for domestic services rendered the decedent, taken to the Superior Court in Windham County and tried to the jury before *Thayer, J.;* verdict and judgment for the claimant for $218, and appeal by the administrators of the estate for alleged errors of the court in its rulings and charge, and in refusing to grant a new trial upon the ground that the verdict was against the evidence. *No error.*

*Donald G. Perkins,* for the appellant (the estate).

*Charles E. Searls,* for the appellee (the claimant).

HALL, J. Within the time limited for the exhibition of claims against the insolvent estate of Adah A. S. Backus, deceased, Sarah J. Huntington, whom we shall call the plaintiff, presented to the commissioners the following claim:—

"EASTFORD, September 27, 1899.
"Estate of Adah Ann Sharpe Backus,
"To Sarah Huntington, Dr.

"To services rendered the deceased for twenty years at $10 per year $200, with interest thereon to this date, said sum with interest as aforesaid as per contract with the deceased to be paid at her death either by suitable provision in her last will and testament or, in lieu of such provision, out of and as a claim against her said estate."

Upon the appeal from the disallowance of said claim by the commissioners, the plaintiff—under the rule requiring the filing of a statement of the amount and nature of the claim from the allowance or disallowance of which an appeal is taken, and of the facts upon which it is based (Rules of Court, 1899, p. 13, § 14)—filed the following statement:—

"1. From January 1st, 1874, to January 1st, 1899, the appellant rendered services to the said Adah Ann Sharpe Backus, at her request from time to time, as a domestic in her household. 2. For said services the said Adah Ann Sharpe Backus promised to pay the appellant what they were reasonably worth, with interest on said sum, at her death, either by suitable provision therefor in her last will, or, in lieu of such provision, out of, and as a claim against, her estate. 3. On February, 1899, the said Adah Ann Sharpe Backus died intestate. 4. Said services were reasonably worth $200. 5. Neither said sum nor any part thereof has ever been paid. The appellant claims $200 with interest as aforesaid as due from said estate to her under said contract."

The defendants, the administrators on said estate, filed an answer admitting the third and denying the other paragraphs of said statement, and as a second defense pleaded a receipt in full. A verdict having been rendered for the plaintiff,

the defendants in their appeal to this court assign as an error the failure of the trial judge to instruct the jury that the plaintiff " was limited to the claim presented to the administrators for twenty years' service at $10 per year, and could not recover for twenty-five years' service."

It would, perhaps, be sufficient to say of this claim that it was not properly made in the trial court, since no objection was there made to the amendment of the statement of claim, nor to the proof of the additional period of service, nor was any request made of the court to charge the jury. The only way in which it is claimed that this question was brought to the attention of the trial court, was by the claim made by the defendants in that court, " that there was a difference between the statement of claim and the bill presented, and that the appellant (plaintiff) was limited in her recovery to the bill presented to the administrators, and that to entitle her to recover she was bound to prove the specific, express contract with the deceased, as alleged in the claim presented." The court apparently regarded this as a claim that the plaintiff could only recover upon proof of the special contract described in the original bill, and upon that point charged in accordance with the defendants' claim, without referring in its charge to the difference as to the period of service in the two statements of claim.

But assuming that the question was properly raised in the trial court and that there was evidence that the plaintiff rendered services for the deceased for twenty-five years, the failure of the court to limit the plaintiff's right of recovery to the services rendered within twenty years was not error. The form of the bill by which a claim of this character is exhibited to the commissioners is not important, " so long as the existence of the claim is shown and its character may be reasonably understood." *Cothren's Appeal*, 59 Conn. 545, 549; *Tolles' Appeal*, 54 id. 521. Section 1029 of the General Statutes permits the claimant, upon an appeal to the Superior Court from the doings of commissioners on estates of insolvent debtors or deceased persons, "to amend any defect, mistake, or informality in the statement of the

claim, not changing the ground of action." "Great latitude is allowed to the discretion of the court in permitting amendments of and additions to the first statement by a plaintiff of his claim," and unless the amendment in the present case, changing the period of service, changed the ground of action, it was within the discretion of the trial court to allow it. *Comstock's Appeal*, 55 Conn. 214, 219; *Donahue's Appeal*, 62 id. 370.

The phrase "ground of action," as used in the statute cited, refers to the real object of the plaintiff in presenting his claim; and while in the present case the ground of action is changed by the amended bill, in the sense that by it compensation is asked for services which are not included in the original bill, the proper inquiry for the court in order to determine whether it might permit the amended statement to be filed, was whether it was within the real purpose of the plaintiff, in presenting his original claim, to obtain compensation for the additional services described in the amendment; and in deciding that question it was competent for the court to look beyond the language of the original claim and to consider all the circumstances of the case. *Nash* v. *Adams*, 24 Conn. 33.

Had the defendant objected to the amendment, it would not have been error for the trial court to have allowed it upon the ground that it was apparently the intention of the plaintiff in presenting her original bill to claim compensation for the entire services which she had rendered the deceased, and that the date of the commencement of the services had been wrongly stated in the original bill by mistake. It follows that the failure of the court to instruct the jury that the plaintiff could only recover compensation for services performed within twenty years was not error.

The defendants, having shown by the testimony of certain witnesses that that part of the plaintiff's original bill commencing with the words "as per contract with the deceased," was copied from certain other bills presented against the estate, and that fact not having been disputed, it does not ap-

pear that the ruling of the court excluding such other bills, as further evidence of said fact, could have injured the defendants.

It was proved that the plaintiff signed the following receipt: —

"EASTFORD, Nov. 14, 1896.

"Received of Adah Ann Backus eight 00/100 ($8.00) for services from Oct. 14 to Nov. 5th in full of all demands to date."

Upon their appeal from the denial of their motion for a new trial, upon the ground that the verdict was against the evidence, the defendants insisted that there was no evidence to sustain the plaintiff's claim that said receipt was so made in full of all demands, by mistake, and that it was not intended by the parties to embrace the services set forth in the plaintiff's statement.

There is evidence upon the face of the receipt itself that the $8 named therein was intended to be in settlement for the services rendered from October 14th to November 5th only, and that evidence is supplemented by the testimony before us showing the circumstances under which this payment was made and the receipt given.

It is further claimed that there was not sufficient evidence to support a verdict that there was such a contract made as that described in the statement of claim.

There was evidence before the jury in the testimony of the plaintiff and of other witnesses, which tended to prove that the plaintiff, during a period of fifteen or twenty years before the death of Mrs. Backus, rendered her services, under an agreement between them that compensation for such services should be made by will, and that Mrs. Backus died intestate and without having paid for such services. If from such evidence the jury found these facts proved, as we think they must have done under the charge of the court, the plaintiff was entitled to a verdict for a sum, not exceeding the amount claimed in her statement, which would be a reasonable compensation for the services she had rendered the de-

ceased.  *Starkey's Appeal,* 61 Conn. 199.  The verdict was not against the evidence.

There was no error in the rulings or charge of the court.

In this opinion the other judges concurred.