## Louis A. Fisk et al. Appeal from Doings of Commissioners.

. Third Judicial District, Bridgeport, October Term, 1908.

Baldwin, C. J., Hall, Prentice, Thayer and Gager, Js.

The admissibility of evidence relates to judicial procedure and is to be determined by the law of the State in which the action is brought.

While parol evidence is not admissible to vary the terms of an absolute deed, it may be admitted to prove the oral agreement pursuant to and in execution of which the deed was given.

The validity of a contractual obligation is ordinarily governed by the law of the State or country with reference to which it was assumed. This will be the *lex loci celebrationis*, if the obligation be one in the nature of a trust in real estate situated in that jurisdiction, and all the parties interested therein are domiciled there.

In 1881, while domiciled in Illinois, a husband obtained from his wife, who was in failing health and nearing her end, a conveyance of land in that State, upon his oral promise to hold the title for the benefit of their minor children, an obligation he repudiated after her death by selling the land and converting the proceeds to his own use. *Held:*—

1. That notwithstanding the Illinois statute of frauds, the husband was chargeable in equity, on parol proof of the foregoing facts, with constructive fraud, from which the law of that State raised a trust *ex maleficio*.

2. That this liability was a personal one which could not be evaded by his removal to this State; and that after his death here in 1905, the children, who then first learned of the trust agreement, were equitably entitled to recover from his estate the sums derived by him from such sales.

3. That inasmuch as the claimants sought simply to recover, as general creditors, moneys received under an oral promise to account for them, the statute of frauds of this State—even if it applied to the transaction of 1881 in Illinois—did not exclude parol evidence of the decedent's undertaking.

Parol evidence may be inadmissible to support a claim of title to lands, and yet competent to prove an accountability for funds derived from their sale by one holding a title which he acquired under and in partial execution of an agreement to account.

Lands bought with funds advanced for that purpose were conveyed by the purchaser, at the request of the donor, to the latter's daughter as a gift from him. *Held* that under these circumstances a receipt in full given by the donor to the purchaser was entirely

consistent with a finding that the purchaser had not repaid to the donor any part of the funds so advanced.

The person for whose sole benefit a trust is created has an equitable right of action for a breach of its provisions.

Constructive fraud need not be specifically charged, nor found in terms by the trial court, if it is implied as matter of law from the facts alleged and proved.

Merely filing a copy of the claim as presented to commissioners on an estate, coupled with an averment that the claimant appeals from its disallowance, is not a compliance with the rule (Practice Book, 1908, p. 207, § 14) which requires a statement of the amount and nature of the claim, and the facts upon which it is based, to be filed in the appellate court.

An amended statement of a claim presented against an estate will not be held to change the ground of action, if the real object of the claimant under either form of expression is the same.

Statutes of limitation do not apply to equitable actions, except so far as they may properly be resorted to by way of analogy.

Concealment of a cause of action from the plaintiff necessarily exonerates him from a charge of laches in bringing suit.

Argued November 5th—decided December 18th, 1908.

APPEAL to the Superior Court in New Haven County from the disallowance by the commissioners on the insolvent estate of Eugene D. Fisk, deceased, of a claim for $300,000; heard before *Roraback, J.*, and judgment for the appellants that they have a lawful claim for $217,000; from which certain of the heirs of the decedent appealed to this court. *No error.*

*William B. Stoddard,* for Margaret E. Fisk and her three minor children.

*E. Henry Hyde* and *Edmund Zacher,* for the claimants, Louis A. Fisk *et al.*

BALDWIN, C. J. The finding of the Superior Court states these facts: Louis A. and Leonard D. Fisk are the only children of Eugene D. Fisk by his first wife, who was a daughter of Leonard Daniels of Hartford in this State. In May, 1877, the father-in-law of Eugene agreed to fur-

nish him $70,000 for the purchase of a basket factory in Chicago, taking a mortgage upon it for that amount. Eugene D. Fisk soon afterward bought this property, taking title in his own name, and paid $70,000 for it, which he received from Mr. Daniels. Later, all parties agreed that instead of giving such a mortgage, the factory should be conveyed to Mrs. Fisk as a gift from her father, which was done in January, 1878. In January, 1880, another tract of land in Chicago was conveyed to Mrs. Fisk, as a gift from her father, for the purchase of which he furnished the funds to Mr. Fisk, the cost being $27,728. Mr. and Mrs. Fisk resided at Chicago for some time prior to May 30th, 1881. In April and May, 1881, she was dangerously ill from quick consumption, and did not expect to recover. On May 30th she held the record title to the two pieces of land given her by her father, and to a third parcel which had been bought and paid for by Mr. Fisk out of his own funds. Her husband prepared an absolute conveyance to himself, dated May 30th, 1881, of these three parcels, and all her other property, real and personal, in Chicago. This he induced her to execute and deliver to him, upon his promise that he would hold the property conveyed, as she desired, in trust for her two children, of whom the elder was then twelve years old. She so acted in reliance on this promise, and having trust and confidence in him, and without other consideration. The conveyance was acknowledged on June 20th, 1881, and she died on July 1st. Upon her death he took possession under it and from time to time sold off the property, receiving $13,750 for the parcel which he had originally himself paid for, and $217,000 for the two parcels given to his wife by her father. He married again in 1896, and had children by his second wife. At the time of his death in 1905 he was an inhabitant of Guilford in this State, and was in possession of about $100,000, derived from the sale in 1902 of one of the parcels of land given to his first wife by her father. He never accounted to his children by

his first wife for any property or the proceeds of any property conveyed to him by their mother, but converted all the proceeds to his own use, and endeavored to turn them over to the use and benefit of his second wife and his children by her. He also concealed the fact that he held the property conveyed to him by his first wife in trust for Louis A. and Leonard D. Fisk, and they had no knowledge or notice of the trust until after his death.

They presented a written claim against his estate, worded as follows:—

"Estate of Eugene D. Fisk,

" To Louis A. Fisk and Leonard D. Fisk, Dr.

" To amount due us on account of real estate situated in Chicago, Illinois, conveyed to said Eugene D. Fisk by our mother during her lifetime, and after her death sold by him, under an agreement on the part of the said Eugene D. Fisk that at his death said real estate, if not sold, should be conveyed to us, or, if sold, that upon his death, the proceeds thereof should be paid over to us, $300,000."

The commissioners disallowed it wholly. The Superior Court allowed so much of it as represented the proceeds of the lands given to their mother by her father, they making no claim to the proceeds of the other parcel.

The evidence upon which the finding of facts was based was mainly documentary. The only direct evidence that Eugene D. Fisk received the conveyance from his wife under an agreement to hold the property on a trust for the appellants lay in parol, and came from one Mary Anderson, who was present when the deed was delivered, and was one of the attesting witnesses. Its reception was objected to, on the ground that parol evidence was inadmissible to contradict an absolute deed, or to establish an express trust in real estate.

Both these objections were properly overruled. The first related to a question of judicial procedure, and depends wholly upon the law of Connecticut. By that law parol

evidence cannot be introduced to contradict an absolute deed, but may be admitted to show that such a deed was given under certain circumstances and in pursuance of a parol agreement as to the use to be made of it.  This does not vary the contract expressed in the deed.  It simply shows it to have been made as a step in execution of and conformity with a prior undertaking.  *Collins* v. *Tillou*, 26 Conn. 368; 4 Wigm. on Ev. § 2437.

The second objection raises a question of private international law.

The deed was executed in Illinois between two of its domiciled inhabitants, and all the property conveyed was situated there.  The parol trust under which the appellants claimed that it was given was in favor of two other of its domiciled inhabitants.  The statute of frauds of that State then provided that "all declarations or creations of trusts or confidences of any lands, tenements or hereditaments, shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust, or by his last will in writing; or else they shall be utterly void and of no effect; *Provided*, that resulting trust or trusts created by construction, implication or operation of law, need not be in writing, and the same may be proved by parol."  Rev. Stats. Ill., 1881, p. 742, § 9.

This proceeding, which is founded on an agreement for a transfer of real estate to be held in trust, is brought in a State into which the grantee in the deed had, long after its delivery, removed his domicil.  Our statute of frauds (General Statues, § 1089) provides that "no civil action shall be maintained . . . upon any agreement for the sale of real estate, or any interest in or concerning it, . . . unless such agreement, or some memorandum thereof, be made in writing, and signed by the party to be charged therewith, or his agent."

The Illinois statute is that trusts of land, other than those resulting or created by construction, implication or

operation of law, which are not proved by a certain kind of writing, are void. The Connecticut statute is that no action shall be maintained on agreements for the sale of any interest in real estate, which are not proved by such a writing: it does not make them invalid.

The validity of a contractual obligation is ordinarily governed by the law of the State or country with reference to which it was assumed. *Medbury* v. *Hopkins*, 3 Conn. 472. The obligation of Eugene D. Fisk, which parol evidence was offered to prove, was assumed, if at all, in Illinois, and was of a contractual nature, as the law construed it. The law of that State was at once the *lex loci celebrationis*, the *lex domicilii* of all the parties in interest, and the *lex rei sitæ*, as respects the property to which the obligation related. Illinois law, therefore, must determine whether the obligation was of any validity.

The provisions, which have been quoted, of the Illinois statute of frauds have been repeatedly the subject of judicial construction by the courts of that State, and the established doctrine is that if one occupying a fiduciary relation toward another who is in failing health and nearing his end takes advantage of these circumstances to obtain from the latter a conveyance of real estate, on an oral promise to hold the title for the benefit of a third person, and afterward repudiates the obligation thus assumed, he is, notwithstanding the statute, chargeable in equity, on parol proof of such facts, with constructive fraud, from which the law raises a trust *ex maleficio*. *Stahl* v. *Stahl*, 214 Ill. 131, 73 N. E. 319. Mr. Fisk occupied such a relation toward his wife, and the transaction between them, of which the deed from her formed a part, is therefore subject to the rules of law thus stated. By these, his relations to the appellants became, at least after her decease, of a fiduciary character, and they were equitably entitled to hold him to account.

This substantive liability he could not escape by remov-

ing to another State. His obligation to the appellants was a personal one, and followed him wherever he might go. 1 Wharton on Conflict of Laws (3d Ed.) §§ 276, c, d. They are not now seeking to fix an equitable charge upon lands in Illinois. The lands have been sold. The title thus conveyed they do not seek to disturb. It is the personal obligation of their father either to hold the lands, or, should he sell them, to hold the proceeds for their benefit, on which they found their claim.

The question remains whether this liability can be proved in a court of Connecticut by parol, in view of our statute of frauds.

It is unnecessary to determine whether that statute applies to proof of such a transaction as that between Mr. and Mrs. Fisk respecting real estate in Illinois. If it does, parol evidence was still admissible to show that the decedent was indebted to the appellants, at the time of his decease, for the proceeds of sales made by him of the Illinois lands. This is not a proceeding for the specific performance of an agreement of trust, or to charge a trust upon any particular fund; but simply to recover from an estate, as general creditors, certain moneys received under a parol promise to account for it to them. In suits on contracts, it is often necessary and permissible to show incidently an express trust by parol, as one of the circumstances out of which an equitable duty may arise. *Todd* v. *Munson*, 53 Conn. 579, 589, 4 Atl. 99; 3 Pomeroy on Equity Jurisp. (3d Ed.) § 1055. Parol evidence may be inadmissible to support a claim of title to lands, and yet competent to prove an accountability for funds derived from a sale of lands by one holding a title acquired under and in partial execution of an agreement to account. *Crocker* v. *Higgins*, 7 Conn. 342; 4 Wigm. on Ev. § 2454.

An application to rectify the finding, under General Statutes, § 801, by striking out some paragraphs and adding others, has been made and denied. It was based on the

assumption that the conclusions of fact were contrary to the evidence, or without evidence. But two of the reasons stated in support of the application merit mention here.

One was that Eugene D. Fisk held a receipt in full for all demands from Mr. Daniels, dated December 30th, 1879. This was entirely consistent with the finding that he had never repaid the $70,000 advanced to him by Mr. Daniels prior to January, 1878. The trial court was well warranted in inferring that the conveyance of the property, paid for by those funds, to Mrs. Fisk at that time, as a gift from her father, was accepted by him as a discharge of the liability of her husband for the advancement, and that such discharge was evidenced by the receipt.

The other reason was that undue credence and weight were accorded to the parol testimony of the attesting witness to the deed of 1881 from Mrs. Fisk to her husband, given after so long a lapse of time, when his lips had been sealed by death. We have reviewed this testimony, in connection with the other evidence, and find nothing to justify the correction asked.

It is insisted that if any cause of action existed against the decedent, it was only one in favor of the estate of Mrs. Fisk. But while the agreement of trust was not made by the appellants, it was made by their dying mother for their sole benefit. They, therefore, have an equitable right of action by virtue of its terms. *Baxter* v. *Camp*, 71 Conn. 245, 71 Amer. St. Rep. 169, 42 L. R. A. 514, 41 Atl. 803.

Fraud is not specifically charged in the so-called "Reasons of Appeal" filed in the Superior Court, nor in the claim presented to the commissioners, nor is it found in terms by the trial court. It is, however, necessarily implied from the other facts which have been stated. They show in equity, standing as they do unexplained, constructive fraud, as matter of law. *Dowd* v. *Tucker*, 41 Conn. 197, 204.

In all appeals of this character, the appellant is required to file in the Superior Court, unless otherwise ordered, such

a statement of the amount and nature of his claim and of the facts upon which it is based as would be made in a complaint in a civil action. Practice Book (1908), p. 207, § 14. Instead of so doing, the appellants in this proceeding filed a paper erroneously entitled (see Reporter's note to *Donahue's Appeal*, 62 Conn. 370, 376, 26 Atl. 399) "Reasons of Appeal," which consisted simply of a copy of their claim as presented to the commissioners, and an averment that they appealed from its disallowance. General Statutes, § 642, provides that "in all hearings . . . before the superior court on appeal from the doings of such commissioners, the claimant shall have liberty to amend any defect, mistake or informality in the statement of the claim, not changing the ground of action." The appellants next proceeded to substitute for their original statement what they termed "Substituted Reasons of Appeal." This paper contained substantially the same statements as those set forth in the finding, followed by the averment that "said claim" was seasonably presented to the administrator, which allegation was denied in the answer, but found true by the court.

The question is thus presented whether the claim presented to the Superior Court rests on a different ground of action from that presented to the commissioners.

The agreement alleged in the latter was that at the death of Eugene D. Fisk the Chicago lands, if not sold, should be conveyed to the appellants, or, if they had been sold, the proceeds paid over to them.

The agreement alleged in the former was that he would hold these lands in trust for them; the particular nature of the trust not being otherwise described. The legal effect of such an agreement would be that, if he died without performing it, the appellants would be entitled to claim the lands, if not sold, or, if they had been sold, their proceeds.

Under the liberal construction given to our statutes of amendments, the ground of action was not changed by the substituted statement. The real object of the claimants,

as disclosed by either form of expression, was the same. *Merwin's Appeal*, 72 Conn. 167, 172, 43 Atl. 1055; *Huntington's Appeal*, 73 Conn. 582, 585, 48 Atl. 766.

The answer of the appellees set up the lapse of twenty-four years since the alleged agreement. The present proceeding is to enforce an equitable claim, and stands on the footing of an equitable action. To such an action our statutes of limitation do not apply, except so far as resort may properly be had to them by way of analogy. *Budington* v. *Munson*, 33 Conn. 481, 489. The question is one of laches, and that the appellants are not chargeable with any, results necessarily from the fact that their father concealed the agreement of trust from them, so that it first came to their knowledge after his death.

There is no error.

In this opinion the other judges concurred.