HUFFINE, RESPONDENT, *v.* LINCOLN ET AL., APPELLANTS.

(No. 3,684.)

(Submitted September 19, 1916. Decided October 28, 1916.)

[160 Pac. 000.]

*Trusts Ex Maleficio—Husband and Wife—Wills—Dower—Real Property—Secret Trust—Notice—Parties—Implied Findings.*

Trusts *ex Maleficio*—Husband and Wife—Real Property Conveyance—Breach of Condition.
　　1.　Where a wife's intention to convey property owned by her in her own right to an only daughter, was, through the influence of the husband, made possible by reason of the confidential relations between them, so changed as to cause her to convey to him instead, upon his promise to make a will devising such property as well as his own to the daughter and a son in equal shares, which promise was after the wife's death broken and the will, theretofore made, destroyed, the husband was rightfully declared an involuntary trustee of the property, in favor of the daughter, the intended beneficiary.

Same—Proper Party Plaintiff.
　　2.　The daughter who, but for the conduct of her father, would have become the owner of her mother's property, was, under Section 5373, Revised Codes, the real party in interest and, therefore, entitled to maintain suit to have the father declared an involuntary trustee in her favor.

Husband and Wife—Dower—Trust Property.
　　3.　Generally speaking, a wife has no dower in trust property or in estates lost by breach of condition.

Same—Decree Declaring Trust—Who may not Complain.

4. The intention of the deceased wife having been to convey to her daughter alone, the son who was entitled to share in the mother's property only in the event the husband carried out his promise to make and keep effective the will in favor of both daughter and son, and who made common cause with the father in his endeavor to defeat the claim of the daughter, was not aggrieved by the decree declaring the father an involuntary trustee in the daughter's favor.

*Appeal from District Court, Fergus County, in the Tenth Judicial District; J. B. Poindexter, a Judge of the Fifth District, presiding.*

ACTION by Leonie Huffine against Alvin R. Lincoln and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

*Messrs. Gunn, Rasch & Hall,* and *Mr. E. K. Cheadle,* for Appellants, submitted a brief, and one in reply to that of Respondent; *Mr. M. S. Gunn* argued the cause orally.

While from the time of the making of the contract in 1903 until 1910, the contract existed and was capable of being enforced, when defendant Alvin R. Lincoln married, as he had a right to do, he was relieved from performing his part of the contract. (*Owens* v. *McNally,* 113 Cal. 444, 33 L. R. A. 369, 45 Pac. 710; *Gall* v. *Gall,* 19 N. Y. Supp. 332; *Johnson* v. *Hubbell,* 10 N. J. Eq. 332, 66 Am. Dec. 773; *Bernard* v. *Benson,* 58 Wash. 191, 137 Am. St. Rep. 1051, 108 Pac. 439.) While the marriage may not have operated *ipso facto* to revoke the will of Alvin R. Lincoln, it nevertheless, by virtue of section 4747 of the Revised Codes relieved him from the performance of his contract and precludes a court of equity from decreeing specific performance of such contract, or granting relief equivalent thereto. (*Corker* v. *Corker,* 87 Cal. 643, 25 Pac. 922; *In re Larsen,* 18 S. D. 335, 5 Ann. Cas. 794, 100 N. W. 738; *In re Adler,* 52 Wash. 539, 100 Pac. 1019.)

The contract is not enforceable by the plaintiff because she is not a third party for whose benefit the contract was made,

within the provisions of the statute authorizing an action by a third party to a contract. (*McDonald* v. *American Nat'l Bank,* 25 Mont. 456, 65 Pac. 896; *Tatem* v. *Eglanol Mining Co.,* 45 Mont. 367, 123 Pac. 28; *Waite* v. *Wilson,* 86 App. Div. 485, 83 N. Y. Supp. 834; *Durnherr* v. *Rau,* 135 N. Y. 219, 32 N. E. 49; *Everdell* v. *Hill,* 58 App. Div. 151, 68 N. Y. Supp. 719.)

A contract to make a will disposing of real property is within the statute of frauds. (*Grindling* v. *Reyhl,* 149 Mich. 641, 15 L. R. A. (n. s.) 466, 113 N. W. 290; *Lozier* v. *Hill,* 68 N. J. Eq. 300, 59 Atl. 234; *Smith* v. *Smith,* 28 N. J. L. 208, 78 Am. Dec. 49; *Manning* v. *Pippen,* 86 Ala. 357, 11 Am. St. Rep. 46, 5 South. 572; *Largey* v. *Leggat,* 30 Mont. 148, 157, 75 Pac. 950; *Levy* v. *Brush,* 45 N. Y. 589.)

If Alvin R. Lincoln is an involuntary trustee, the trust is an implied trust and was a secret trust as to the defendant Anna D. Lincoln. This being true, the trust cannot be enforced because of her dower right in the property. (*Richardson* v. *Schultz,* 98 Ind. 429; *First* v. *First,* 132 Ind. 572, 32 N. E. 731.)

Where confidential relations exist between a devisee and devisor, or grantor and grantee, and the devisee or grantee refuses to perform an oral promise to hold and dispose of the property in keeping with the wish and intention of the devisor, or grantor, a constructive trust arises, based upon the presumption that there was an intention not to fulfill the promise at the time it was made. (*Lafayette Street Church Soc.* v. *Norton,* 202 N. Y. 379, 95 N. E. 819, 39 L. R. A. (n. s.) 906, and extended note; *Crossman* v. *Keister,* 223 Ill. 69, 114 Am. St. Rep. 305, 8 L. R. A. (n. s.) 698, 79 N. E. 58; *Pollard* v. *McKenney,* 69 Neb. 742, 96 N. W. 679, 101 N. W. 9.) Here there is no room for such presumption as the facts conclusively show that the father acted in the utmost good faith in making the contract and fully intended to perform the same until after his marriage to Anna D. Lincoln. Under such circumstances there can be no constructive trust. (*Cassells* v. *Finn,* 122 Ga. 33, 106 Am. St. Rep. 91, 2 Ann. Cas. 554, 68 L. R. A. 80, 49 S. E. 749.)

The interest of George R. Lincoln in the property conveyed by his mother cannot be defeated by the refusal of the father to perform his contract. If a party intends to dispose of property to a particular person, and the intention is defeated by the fraudulent promise or conduct of another with the result that the title vests in the party guilty of the fraud and others, the court will impress a constructive trust upon the share of the guilty party in favor of the intended beneficiary, but cannot do more and the parties in whom the title vested, who were not participants in the fraud, will hold for their own benefit the title received by or for them. (*Powell* v. *Yearance,* 73 N. J. Eq. 117, 67 Atl. 893; *Fairchild* v. *Edson,* 154 N. Y. 199, 61 Am. St. Rep. 609, 48 N. E. 541; *Beach* v. *Dyer,* 93 Ill. 295; *Bryan* v. *Bigelow,* 77 Conn. 604, 107 Am. St. Rep. 65, 60 Atl. 266; *Heinisch* v. *Pennington,* 73 N. J. Eq. 456, 68 Atl. 233.)

The consideration for the conveyance made by the mother pursuant to the contract having failed, by applying the principles of the law of contracts the property conveyed would revert to the mother if living, and, as she is dead, will revert to her heirs. (3 Paige on Contracts, 2279, 2280; *Glocke* v. *Glocke,* 113 Wis. 303, 57 L. R. A. 458, 89 N. W. 118; *Knutson* v. *Bostrak,* 99 Wis. 469, 75 N. W. 156; *Wilfong* v. *Johnson,* 41 W. Va. 283, 23 S. E. 730.) The heirs of the mother are entitled to a rescission of the contract, cancellation of the deed and a restoration of the property conveyed to the estate of the mother. In other words, the relief should place the parties in the position they would have occupied if the contract had not been entered into and the conveyance made.

*Messrs. Walsh, Nolan & Scallon, Mr. J. C. Huntoon,* and *Mr. E. W. Mettler,* for Respondent, submitted a brief; *Mr. Wm. Scallon* argued the cause orally.

The defendant, Alvin R. Lincoln, should be compelled to reconvey to the plaintiff in order to prevent the perpetration of a fraud and in order to carry out the wishes of the deceased grantor. In such circumstances as appear in this case the

grantee will be required to convey to the beneficiary intended by the grantor. (*Lauricella* v. *Lauricella,* 161 Cal. 61, 118 Pac. 430; *Lewis* v. *Lindley,* 19 Mont. 422, 48 Pac. 765; *Kimball* v. *Tripp,* 136 Cal. 631, 69 Pac. 428; *Odell* v. *Moss,* 130 Cal. 356, 62 Pac. 555; *Larmon* v. *Knight,* 140 Ill. 232, 33 Am. St. Rep. 229, 29 N. E. 1116; *Ransdel* v. *Moore,* 153 Ind. 393, 53 L. R. A. 753, 53 N. E. 767; *Becker* v. *Neurath,* 149 Ky. 421, 149 S. W. 857; *Anding* v. *Davis,* 38 Miss. 574, 77 Am. Dec. 658; *Gilpatrick* v. *Glidden,* 81 Me. 137, 10 Am. St. Rep. 245, 2 L. R. A. 662, 16 Atl. 464; *Pollard* v. *McKenney,* 69 Neb. 742, 96 N. W. 679, 101 N. W. 9; *Winder* v. *Scholey,* 83 Ohio St. 204, 21 Ann. Cas. 1379, 33 L. R. A. (n. s.) 995, 93 N. E. 1098.) It would seem difficult to find a clearer case of constructive trust than the instant case.

If there be a constructive trust, in this case, it follows as a matter of course, that the plaintiff is the proper party to enforce it, for the trust arises in her favor and she is the beneficiary. (1 Perry on Trusts, sec. 105.) The cases cited above where similar trusts have been declared in favor of third parties, were cases in which the third parties were plaintiffs.

Anna D. Lincoln has no right of dower in the property in question. The burden is on her, on appeal, to show that she is entitled to such a right. The presumptions are against her. The mere fact of marriage is not conclusive. Moreover, dower does not attach to property subject to a trust. (Tiedeman on Real Property (3d ed.), sec. 88.) Appellants' contention finds no support except in some Indiana cases. Authorities generally are against it. (14 Cyc. 911, 912; *Burdine* v. *Burdine,* 98 Va. 515, 36 S. E. 992, 81 Am. St. Rep. 741; *Gritten* v. *Dickerson,* 202 Ill. 372, 66 N. E. 1090; *Kaphan* v. *Toney* (Tenn.), 58 S. W. 909; *Nelson* v. *Brown,* 164 Ala. 397, 137 Am. St. Rep. 61, 51 South. 360; *Givens* v. *Marbut,* 259 Mo. 223, 168 S. W. 614.) If she knew nothing about this property, it could hardly be said that she, in any manner, was induced by it to enter into the marriage. If she knew about the property, she would be chargeable with constructive notice of the trust, or what would be the

same thing, would be put upon her inquiry. A purchaser or encumbrancer of real property has constructive notice of conveyances on record. He is also chargeable with notice of the contents of the deed to his own grantor. Thereby she had constructive notice that this property had been conveyed to Alvin by his former wife, for a mere nominal consideration, as far as the deed showed. (*Childs* v. *Clark*, 3 Barb. Ch. 52, 49 Am. Dec. 164; Pomeroy, Equity (3d ed.), sec. 596.) The burden was upon her to set up and prove absence of knowledge of notice. (Bliss on Code Pleading, 395; *Lewis* v. *Lindley*, 19 Mont. 422, 441, 442, 48 Pac. 765; *Harrington* v. *Butte & B. M. Co.*, 27 Mont. 1, 12, 69 Pac. 102; *Thamling* v. *Duffey*, 14 Mont. 567, 43 Am. St. Rep. 658, 37 Pac. 363; *Ross* v. *Wellman*, 102 Cal. 1, 36 Pac. 402; *Eames* v. *Crozier*, 101 Cal. 260, 35 Pac. 873; *Stewart* v. *Lansing*, 104 U. S. 505, 26 L. Ed. 866.)

MR. JUSTICE SANNER delivered the opinion of the court.

Stripped of legal verbiage, the findings of fact in this case [1] are: That on September 18, 1903, Alvin R. Lincoln and Mary E. Lincoln were husband and wife, living together as such; that Mary E. Lincoln was the owner in her own right of certain real estate which she then intended, and for a long time had intended, to convey to their only daughter, Leonie Huffine; that she was then dangerously ill and, resolving to carry out such intention, advised her husband accordingly; that he, possessing influence over her by reason of their confidential relations as husband and wife, exerted that influence to induce, and did induce, her to convey the property to him; that no consideration passed for such conveyance except his promise and agreement to devise all said property and all his own real estate to their daughter and their son George R. Lincoln in equal shares, upon which promise and agreement Mary E. Lincoln completely relied and but for which she would not have conveyed the property to him; that he then and there, as a part performance of said agreement and as a further inducement, executed such will and delivered the same to Leonie; that thereafter and on October 6,

1903, Mary E. Lincoln died leaving as heirs at law her husband, the defendant Alvin R. Lincoln, her daughter, the plaintiff Leonie Huffine, her son, the defendant George R. Lincoln, and two children of a deceased daughter; that in 1910 Alvin R. Lincoln married the defendant Anna D. Lincoln, and these two are now husband and wife; that in November, 1910, Alvin R. Lincoln repossessed himself of said will and thereafter repudiated the same and his agreement with Mary E. Lincoln, declaring that Leonie Huffine should have nothing from him and has threatened to dispose of the property conveyed to him by Mary E. Lincoln, in order to deprive and defraud Leonie of the same or any portion thereof; that he has formally revoked said will and made another which is now in force, bequeathing to Leonie a nominal sum only for the purpose of preventing her from breaking the same; that George has made common cause with his father in resisting Leonie's complaint, and denying the agreement between Alvin R. Lincoln and Mary E. Lincoln as alleged therein.

Upon these facts the court concluded as a matter of law that Alvin R. Lincoln became and is an involuntary trustee of the property conveyed to him by Mary E. Lincoln; that neither Anna D. Lincoln nor George R. Lincoln has any title, claim or interest in the premises; that Leonie Huffine is entitled to a conveyance thereof from Alvin R. Lincoln, free of all claims through or under him, and that a decree should be entered directing such conveyance. This appeal challenges the correctness of the judgment entered in so far as it accords with said findings and conclusions.

The first contention is that the agreement between Mary E. Lincoln and Alvin R. Lincoln is not enforceable at all because of the subsequent marriage of the latter, and is not enforceable at the instance of the plaintiff because "she is not a third party for whose benefit the contract was made, within the provisions of the statute authorizing an action by a third party to a contract." If, as the argument and cases cited seem to indicate, it is meant by this to urge that the contract between Alvin R.

Lincoln and Mary E. Lincoln cannot be specifically enforced by this plaintiff, the answer is that she does not ask, nor has the court adjudged, a specific performance. If, however, the contention is that the transaction is not cognizable by a court of equity at the suit of the plaintiff, then we say the defendants themselves have answered it by praying this court to reverse the judgment as entered and to direct a decree cancelling the conveyance from Mary E. Lincoln to Alvin R. Lincoln, allowing the property to pass in accordance with the law of descent.

The real question at issue is this: Do the facts found warrant the declaration of a trust of the property in Alvin R. Lincoln for the benefit of Leonie Huffine, and can such trust be now declared and enforced as against Anna D. Lincoln, George R. Lincoln, or the children of the deceased daughter? In moving toward the answer it is to be noted that arguments based upon the statutory restriction of a wife's power to devise her property to others than her husband (Rev. Codes, sec. 3735), are wholly irrelevant. The determination of Mary E. Lincoln was not to devise but to convey, and her right to convey cannot be open to doubt. (Rev. Codes, sec. 3700.) What her reasons were for this determination we may not definitely know, but it is a pure gratuity to assert that such conveyance was intended as a testamentary disposition rather than a conveyance *inter vivos* for the very best of considerations. Suffice it to know that her settled design was to convey to the daughter, and had it been carried out, title to the property would have vested in the daughter free of all claims by or under her father, her brother or anyone else.

That design was frustrated, as the court has found, by the influence and inducements of the father to his own advantage and, as it ultimately proved, to his daughter's disadvantage. These inducements were that if the mother would convey to him instead of to her daughter, he would make a will devising all the mother's property and all his own real estate to the daughter and son in equal shares. He made the will and she the conveyance. It is argued that inasmuch as he made the will, and in-

asmuch as his later revocation of it was perfectly legal, if not actually commanded by his subsequent marriage, no trust can be said to exist because there was no fraud.   This is too narrow a view of the transaction.   The thing contemplated was a will which should be and remain effective; only on the understanding that the daughter and son alike should come into all the property, would the mother forego her design to convey her property to the daughter.   The transaction was between parties who stood in the highest of confidential relations, and it is to be judged accordingly.   (Rev. Codes, sec. 3694.)   It called for a continued performance on the part of the husband, *viz.*: the maintenance of such a will, and of his intention to do this, the mere making of the will is not conclusive.   He may have actually intended to repudiate his promise, or he may have mentally reserved to do as he saw fit, once the property was safely in his hands; if he did either, there was actual fraud in the inception.   (Rev. Codes, sec. 4978, subd. 4.)   The trial court however, did not expressly find that he did either, but rested its conclusions upon his subsequent repudiation.   The case is thus made analogous to those wherein an intended testamentary disposition has been changed or thwarted by the promise or engagement of one in confidential relationship with the intended donor and to the advantage of the promisor.   In such cases, as well as in those where the disposition is not testamentary but is the fruit of confidence, the overwhelming weight of authority is that the promisor takes his advantage subject to the performance of his promise, and that subsequent repudiation is a fraud which operates to warrant the declaration of a trust without regard to the promisor's intention when the promise was made; or the presumption will be indulged, if necessary, that the promise was made without intention to fulfill it, and was therefore fraudulent.   In our opinion, the existence of a trust in this case cannot be gainsaid.   (See *Pollard* v. *McKenney*, 69 Neb. 742, 96 N. W. 679, 101 N. W. 9; *Larmon* v. *Knight*, 140 Ill. 232, 33 Am. St. Rep. 229, 29 N. E. 1116; *Fisk's Appeal*, 81 Conn. 433, 71 Atl. 559; *Schneringer* v. *Schneringer*, 81 Neb. 661, 116 N. W.

491; *Brison* v. *Brison,* 75 Cal. 525, 7 Am. St. Rep. 189, 17 Pac. 689; 90 Cal. 323, 329, 27 Pac. 189; *Lauricella* v. *Lauricella,* 161 Cal. 61, 118 Pac. 430; *Young* v. *Peachy,* 2 Atk. 254; *Thompson's Lessee* v. *White,* 1 Dall. (Pa.) 425, 1 Am. Dec. 252; *Stahl* v. *Stahl,* 214 Ill. 131, 105 Am. St. Rep. 101, 2 Ann. Cas. 774, 68 L. R. A. 617, 73 Atl. 319; *Gilpatrick* v. *Glidden,* 81 Me. 137, 10 Am. St. Rep. 245, 2 L. R. A. 662, 16 Atl. 464; Note 106 Am. St. Rep. 95 *et seq.;* Note 8 L. R. A. (n. s.) 698 *et seq.;* Note 31 L. R. A'. (n. s.) 176 *et seq.;* Note 39 L. R. A. (n. s.) 960 *et seq.;* Note 21 Am. & Eng. Cas., 1384 *et seq.*)

There is just as little doubt of plaintiff's right to have the [2] trust declared and enforced. "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other or better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." (Rev. Codes, sec. 5373.) The thing prevented by the promise made and broken was a conveyance of the mother's property to the daughter alone; she, but for that promise, would have had the property which the defendant Alvin R. Lincoln now has. The trust, therefore, which exists here is a trust in her favor, and she is the real party in interest upon whom is devolved the privilege of maintaining appropriate action.

The judgment is assailed as depriving Anna D. Lincoln of any dower right in the property. If she has such right, the judgment should undoubtedly be modified to recognize it; but this is all that could be required, supposing such right to exist, since it is a mere inchoate interest which may never vest. Generally speaking, however, a wife has no dower in trust prop- [3] erty or in estates lost by breach of condition. (1 Scribner on Dower, pp. 392 *et seq.;* 14 Cyc. 911; note 22 L. R. A. (n. s.) 691 *et seq.*) To avoid this rule, the defendants assert that the right of dower which comes to the wife in virtue of marriage, is an interest acquired by purchase, and therefore cannot, under Code section 4539, be prejudiced by a trust of which the wife had no notice at the time of the marriage. We think the premise

may be doubted, and we question whether the section invoked has any application. Assuming, however, that the premise is sound, the section applicable and the conclusion correct as a proposition of logic, the defendants are in nowise advanced. The trust being established, Anna D. Lincoln had *prima facie* no dower; she could have it only by showing a want of notice (*Lewis* v. *Lindley,* 19 Mont. 422, 442 *et seq.,* 48 Pac. 765; *Weber* v. *Rothschild,* 15 Or. 385, 3 Am. St. Rep. 162, 15 Pac. 650), and, so far as this court is concerned, presenting a finding or the improper refusal of a finding to that effect. No such finding appears, no complaint of its absence, no showing that it would have been justified by the evidence. In this situation we are authorized to infer in aid of the judgment, that she did have notice, particularly in view of the undisputed fact that the property came to her husband by conveyance from his former wife, for which conveyance there was no consideration save marital confidence.

Finally the judgment cannot stand, it is said, because the [4] defendant George is not responsible for the situation now presented, and neither he nor the grandchildren should be cut off from their share of Mary E. Lincoln's property. This ignores the fact that Mary E. Lincoln never did intend this property to pass by the law of succession. She intended to convey it; and she did convey it, not, as she desired, to the daughter who alone would have been entitled to it, but to Alvin R. Lincoln because of his promise and engagement to devise it and his property to that daughter and the son. The son became entitled to share it only if the father kept his promise. If the father broke his promise, the son was free to feel aggrieved thereby, but if he is entitled to recompense, it is not at the expense of the plaintiff, who has done him no wrong. The wrong, if any done to him was by the father, and that wrong the son, on the face of this record, waives, denies and defends. In so doing he exhibits an accurate perception of his situation, for the trust here presented exists for the benefit of the person who, but for

the engagement made and broken, would have come into the property.

The conclusions of law are justified by the findings of fact, and the judgment follows both. It is therefore affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.

