## STELLA A. ZAHABA
*vs.*
## HELEN R. DUCH, ADMX.

Superior Court     New London County     File No. 16225

## MEMORANDUM FILED JUNE 19, 1945

*Charles W. Cassidy,* of Norwich, for the Plaintiff.
*Andrew B. Davies,* of Norwich, for the Defendant.

INGLIS, J.   This is an appeal from the doings of commissioners on a solvent estate.   In the statement of claim filed in this court the plaintiff alleges that she rendered certain services to the decedent and that the decedent had promised to repay her for those services by will but that she had failed to do so.   It also appears that the claim presented to the administratrix had been for the same services but had not included the allegations concerning the promise to compensate her by will.   This motion prays that all of the allegations in the statement of claim relating to the promise to compensate by will be expunged on the grounds, first, that they are evidential and irrelevant and, second, that they state a different claim from that originally presented.

As regards the first ground stated, it is enough to point out that the allegations in question are pertinent as allegations of circumstances from which an expectation of compensation is to be inferred, and also may be necessary to remove at least a portion of the 'claim from the bar of the statute of limitations. They are therefore neither irrelevant nor merely evidential.

So far as the contention that they set up a claim never presented is concerned, it is clear that they do not set up a different cause of action.   The plaintiff is still seeking compensation for the services which she claims that she rendered. That is still the gist of her cause of action.

Section 4920 of the General Statutes, Revision of 1930, provides that any person aggrieved by the doings of commissioners on solvent estates shall have the same rights of appeal to the Superior Court as any person aggrieved by the doings of

commissioners on insolvent estates. Section 5544 of the General Statutes, Revision of 1930, reads as follows: "In any hearing before commissioners on the estate of an insolvent debtor or a deceased person, or before the superior or other proper court on appeal from the doings of such commissioners, the claimant may amend any defect, mistake or informality in the statement of the claim, not changing the ground of action. . . ."

In connection with this latter statute the phrase "ground of action" as used therein refers to the real object of the creditor in presenting his claim. *Huntington's Appeal*, 73 Conn. 582, 584; *Duvall vs. Birden*, 124 *id*. 43, 51.

As pointed out above the claim stated in this court is a claim for compensation for the same services as those listed in the claim presented to the administratrix. The situation involved here is quite different from that in *Donahue's Appeal*, 62 Conn. 370. In that case the claimant had originally presented a claim in the form of a claim for breach of a parol agreement by the decedent to convey real estate to him in consideration of his promise to render legal services to the decedent for the rest of his life. On appeal to the Superior Court the claimant attempted to amend his claim to one for the value of the services which he had actually rendered relying on the decedent's promise. The amendment was not allowed. As pointed out by the court in that case, however, that was a shift from a claim for a breach of contract to convey specific real estate to a claim for the value of services rendered. That is easily distinguishable from the present case, where both in the original claim and in the statement of claim filed here the claimant is seeking to recover merely the value of services rendered.

In other words, in the present case, there has been no change in the cause of action stated and for that reason the amendment is allowable.

The motion to expunge is denied.