## FREDERICKS v. KREUDER.

(Supreme Court, Appellate Division, First Department.　March 11, 1910.)

1. PLEADING (§ 245*)—COMPLAINT—AMENDMENT.

Where, by mistake or inadvertence of counsel, an allegation material to the cause of action is omitted from the complaint, an opportunity should be afforded plaintiff, on proper terms, to amend during the trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 658; Dec. Dig. § 245.*]

2. FRAUD (§ 42*)—PLEADING—INTENT TO DECEIVE.

While in an action for fraud it is the better practice to expressly allege that the fraudulent misrepresentations were made with intent to deceive, yet, if such intent may fairly be inferred from the other facts stated, an express allegation to that effect is not essential.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 39; Dec. Dig. § 42.*]

3. FRAUD (§ 42*)—COMPLAINT—SUFFICIENCY—INTENT TO DECEIVE.

A complaint, alleging that defendant, the president of a corporation, while having full knowledge of its affairs, represented to plaintiff that the corporation was in sound financial condition, and that its stock was worth $50 per share according to the actual net assets; that its entire liabilities amounted to only one-sixth of its assets; that defendant requested plaintiff to purchase a certain number of shares at a given price; that said representations were false, and were known to be so when made by defendant; that they were falsely made, and plaintiff, in reliance thereon, purchased the stock; that, soon thereafter a petition in bankruptcy was filed against the corporation; and that the stock was worthless—sufficiently charged that the false representations were made with intent to deceive plaintiff and to induce him to purchase the stock.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 39; Dec. Dig. § 42.*]

Ingraham, P. J., and Miller, J., dissenting.

Appeal from Trial Term, New York County.

Action by Harry Fredericks against Henry Kreuder. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles A. Wendell, for appellant.
Herman A. Heydt, for respondent.

LAUGHLIN, J. This action is brought to recover damages which the plaintiff alleges that he sustained through fraud and deceit on the part of the defendant in inducing him to purchase 160 shares of the capital stock of the Usona Light Company, a domestic corporation of which the defendant was president. The complaint was evidently dismissed upon the ground that its allegations are insufficient to show that the false representations, which it is alleged were made by the defendant, were made with intent to deceive the plaintiff or to induce him to purchase the stock. There was no difficulty in determining the nature of the cause of action attempted to be alleged in the complaint. The only question there could be was whether an allegation essential to the cause of action thus attempted to be set forth was

omitted. Before the motion was granted, plaintiff asked leave to amend, and, on that being denied, requested permission to withdraw a juror, to the end that an application might be made to the Special Term for leave to amend by alleging that the representations were made with the intention of deceiving the plaintiff and inducing him to purchase the stock. These motions were denied.

Where, by mistake or inadvertence of counsel, an allegation material to the cause of action is omitted from the complaint, an opportunity should be afforded the plaintiff, on proper terms, to amend; but it is unnecessary to decide whether the judgment would be reversed on that ground, for we are of opinion that the complaint was sufficient. It is, of course, better practice to expressly allege that the fraudulent misrepresentations were made with intent to deceive; but, if such intent may fairly be inferred from the other facts stated, an express allegation to that effect is not essential. The rule is well stated by Judge Denio in Zabriskie v. Smith, 13 N. Y. 322, 64 Am. Dec. 551, and it has been frequently cited and quoted with approval, as follows:

"In Addington v. Allen, 11 Wend. 374, 386, the Court for the Correction of Errors decided that in an action of this kind the plaintiff must aver that the false representation was made with an intention to deceive and defraud him. Under our present system of pleading, I concede that a complaint should contain the substance of a declaration under the former system. It is sufficient, however, that the requisite allegation can be fairly gathered from all the averments in the complaint, though the statement of them be argumentative and the complaint deficient in technical language."

If the facts alleged show an intent to deceive, it is not necessary that the pleader should define or characterize them. Barber v. Morgan, 51 Barb. 116; Bank of Montreal v. Thayer (C. C.) 7 Fed. 625; Morrison v. Lewis, 49 N. Y. Super. Ct. 178. See, also, Goldsmith v. Goldsmith, 145 N. Y. 313, 39 N. E. 1067; Warren v. Union Bank of Rochester, 157 N. Y. 259–273, 51 N. E. 1036, 43 L. R. A. 256, 68 Am. St. Rep. 777; Maher v. Hibernia Ins. Co., 67 N. Y. 290. It is expressly alleged in the complaint that at the time in question the defendant was the president of the corporation and had full knowledge of its affairs "both financially and otherwise, and was acting managing officer" thereof; that he stated and represented to the plaintiff that the corporation "was in a sound condition financially; that the value of its stock was $50 per share according to the actual net assets of the company; that the assets of said company were at least $37,800; that its entire liabilities amounted to $6,300"; and that he "requested the plaintiff herein to purchase from the said corporation 160 shares of its capital stock at the sum of $8,000." It is then alleged that said statements and representations were false, and were known by defendant to be false when he made them, and that they "were falsely and fraudulently made," and that plaintiff relied thereon, and, relying thereon, purchased the 160 shares of the capital stock for the sum of $8,000 and paid therefor. It is further alleged that these representations "were false and fraudulent, in that the liabilities of the said company at the time the said representations were made largely exceeded the amount thereof, as stated by the said defendant, and, instead of the said liabilities being only $6,300, they

were in the neighborhood of $24,000," and that, if these representations had not been made, the plaintiff would not have purchased the stock, and that he only purchased and paid for it "by virtue of the said statements made by the said defendant to the plaintiff." The fraudulent representations were made between the 1st day of December, 1905, and the 18th day of January, 1906, and on the 3d day of April thereafter a voluntary petition in bankruptcy was filed against the company, wherein it was stated that "its assets were about the sum of $24,000 and its liabilities at about the same amount." It is further alleged that the stock has no market value and is worthless, and judgment is demanded for $8,000, the purchase price of the stock.

We are of opinion that an allegation of an intention to induce the plaintiff to purchase the stock is fairly embraced in or to be implied from these allegations. It is difficult to discern any other purpose that the defendant could have had in making the representations, for it is expressly charged that in connection therewith he requested the plaintiff to purchase the stock, which he did purchase and at the price at which the defendant requested him to purchase it. Although the stock did not belong to the defendant, it is a reasonable inference that he was interested directly or indirectly in its sale. He was president of the company, and he requested the plaintiff to buy a specified number of shares of the capital stock of his company at a specified price. A person is chargeable with the natural consequences of his acts. It being alleged that the defendant requested the plaintiff to purchase the stock at a given price, it is a reasonable inference that the representations which the defendant made affecting the value of the stock were made with intent to induce favorable action by the plaintiff on the defendant's proposition that he purchase the stock. If, as alleged, the representations were false, and were known by the defendant to be false, it is quite evident that they affected the value of the stock and would naturally influence the action of the plaintiff on the defendant's proposition that he should purchase the stock. Moreover, it is to be borne in mind that it is alleged not only that the statements were false and were known to the defendant to be false, but that they were "falsely and fraudulently made." It is therefore manifest that they were made with a fraudulent purpose or intent on the part of the defendant. What was the fraudulent purpose and intent which actuated the defendant in making the representations with respect to the financial condition of this corporation which directly affected the value of its capital stock? The facts charged clearly answer this question and leave room only for one answer, which is that the defendant intended thereby to induce the plaintiff to purchase the stock.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

CLARKE and SCOTT, JJ., concur.

INGRAHAM, P. J. (dissenting). I think the judgment should be affirmed. The defendant is sought to be held responsible for the damages sustained by the plaintiff by reason of the plaintiff's purchase of stock in a corporation, which it is alleged was induced by certain

statements made by the defendant as to the financial condition of the corporation. It is not alleged that the defendant received any of the money paid to the corporation for the stock purchased or benefited by the transaction. The complaint alleges that the defendant made certain representations as to the financial condition of this corporation, and requested plaintiff to purchase the stock; but it is nowhere alleged that the representations were made for the purpose of inducing the plaintiff to purchase the stock, or that the representations had any relation to such purchase. In fact, the fraudulent intent which is necessary to sustain an action of fraud is not alleged, nor do I think this requisite allegation "can be fairly gathered from all the allegations of the complaint." In Zabriskie v. Smith, 13 N. Y. 322, 64 Am. Dec. 551, relied on by the plaintiff, it was stated that a complaint must contain the substance of a declaration that the false representations were made with intent to deceive and defraud the plaintiff. The court in that case thought such an allegation could be fairly gathered from all the averments of the complaint; but there are no facts alleged in this complaint upon which such an allegation can be predicated. See Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651.

I think, therefore, the judgment should be affirmed.

MILLER, J., concurs.