MILO J. SALLIES *vs.* CARL A. JOHNSON ET UX.

Third Judicial District, Bridgeport, October Term, 1911.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

As a general rule, a misrepresentation, to be actionable, must relate to a past or to an existing fact; but a promise to do an act coupled with a present intention not to fulfil the promise, will support an action for deceit.

Plaintiff bought defendant's barber shop with its good will, relying upon the latter's representation that he was "about to and would abandon the business" in that locality. Shortly thereafter the defendant opened a rival shop across the street greatly to the plaintiff's damage. *Held* that the defendant's representation was equivalent to an assertion that he intended then to abandon the business, and being false and made with a present intent to deceive the plaintiff, constituted actionable fraud.

While the complaint in such cases must disclose the existence of a present intent to deceive, it need not be alleged in so many words provided it can reasonably be implied or inferred from the facts stated. So, also, fraud may be implied though not specifically pleaded.

The condition of mind or intent accompanying an act is a fact which may be proved by the words of the actor or inferred from his conduct.

A "false" representation is one intentionally untrue and designed to deceive.

A fraudulent representation in law is one that is either knowingly untrue, or made without belief in its truth, or recklessly made and for the purpose of inducing action upon it.

The breach of an honest promise to perform can never support an action of fraud.

Argued October 26th—decided December 19th, 1911.

ACTION to recover damages for the alleged fraud of the defendants, brought to the Superior Court in New Haven County where a demurrer to the complaint was sustained and judgment rendered for the defendants (*Ralph Wheeler, J.*), from which the plaintiff appealed. *Error and new trial ordered.*

*Talcott H. Russell* and *Charles T. McClure,* for the appellant (plaintiff).

*John Elliott,* for the appellees (defendants).

WHEELER, J. The complaint sets forth these facts: The defendants owned the equipment, worth not more than $450, in a barber shop conducted by the defendant Carl A. Johnson at No. 63 Church Street in the city of New Haven, the good will of which was worth more than $800, and the plaintiff owned the equipment, worth $300, with the good will, worth $300, of a barber shop conducted by him in Westville in the town of New Haven.

The plaintiff possessed no other property, and was dependent entirely upon his earnings as a barber. The good will and business at No. 63 Church Street was of no value if the defendant Carl A. Johnson continued to transact a barber business in close proximity.

The defendants, knowing these facts, for the purpose of inducing the plaintiff to purchase the barber business at No. 63 Church Street with its equipment, falsely and fraudulently represented to the plaintiff, with the intent to deceive him, that the said Carl A. Johnson was about to and would abandon the barber business in the city of New Haven, and would no longer transact said business within the limits of said city, in consideration that the plaintiff would purchase said property at the price of $1,300, and transfer the property and good will of his business in Westville to be credited at $500.

The plaintiff, believing, and induced by, said statements, entered into an agreement by which he agreed to pay defendants $1,300 for the property and good will of the business at No. 63 Church Street, and transferred the property and good will of his business in Westville to the defendants to be credited at a value of $500 on said $1,300, and agreed to pay the balance in monthly payments of $25, default in which was to give defendants the election to take possession of said

property, and thereupon the interest of the plaintiff in the property ended.

The plaintiff took possession of the barber business at No. 63 Church Street, and, shortly after the transfer, the defendant Carl A. Johnson, with the consent and approval of the other defendant, opened a barber shop almost directly opposite, and induced nearly all of the customers of plaintiff to refuse to do business with him, and to give their business to said Carl A. Johnson. As a result the good will of his business was destroyed, and he could not meet the instalments under his agreement, and the defendants subsequently took possession of the property under the agreement, and the plaintiff lost the business.

The defendants interpret their demurrer to contain two grounds, upon which they now rely: "1. The representations alleged are not representations of past or present existing facts, but are mere expressions of intention, or predictions or promises as to future actions or conduct. 2. If, in this State, fraud can be predicated upon promises as to future conduct, the intention at the time the promises are made not to perform them is the gist of the fraud, and must be specifically and directly, and not inferentially, alleged. The complaint fails to allege this element of the cause of action."

Accepting the defendants' interpretation of their demurrer, we are unable to hold that either of these grounds was well taken. The defendants correctly state the general rule of law: misrepresentation, to be actionable, must relate to an existing or a past fact, and a promise to do an act in the future cannot be a fraudulent representation, because it cannot be an untrue representation at the time it is made. *Barnes v. Starr*, 64 Conn. 136, 156, 28 Atl. 980. We think their interpretation of the complaint, as comprising promises of future conduct merely, is too restrictive,

and neither in accord with the true legal construction nor with the popular construction of such allegations of misrepresentation. The representation that Carl A. Johnson "was about to and would abandon the barber business" involves two elements: first, the statement of a present condition "that he was about to abandon"; and second, a statement as to the future, that he "would abandon." In ordinary grammatical construction, "about," before an infinitive, means "on the point of" or "in the act of." It signifies present, and not future, action. The words "about to abandon" are synonymous with "intended now to abandon." These words may form the subject of an actionable misrepresentation.

To the general rule of law that misrepresentations must relate to an existing or a past fact there are exceptions, each one growing out of the need of preventing the successful perpetration of fraud. One of the exceptions under our law, and one existing in many jurisdictions and denied in more, is that the promise to do a future act, coupled with a present intention not to fulfil the promise, will constitute a fraudulent promise. When one promises another to do something in the future as a consideration or inducement to him to do something, he impliedly asserts a present intent to carry out his promise. *Rogers* v. *Virginia-Carolina Chemical Co.*, 78 C. C. A. 615, 627, 149 Fed. Rep. 1. A promise to do an act in the future which is the medium of a deception, and which the promisor has no present intention to perform, will support an action of deceit. *Ayres* v. *French*, 41 Conn. 142, 154; *Dowd* v. *Tucker*, ibid. 197, 204, 205; *Barnes* v. *Starr*, 64 Conn. 136, 157, 28 Atl. 980.

The intention to deceive is a condition of mind, and, when it exists, is as much of a fact as a condition of the body. That it is more difficult to prove does not

change its inherent character. A man's love or hatred of another is a fact expressive of his feeling toward such person. *Vivian's Appeal,* 74 Conn. 257, 261, 50 Atl. 797. So a man's intention in doing an act is a fact admissible in any action which it helps to explain; to be proved by his words or inferred from his conduct. *Spencer's Appeal,* 77 Conn. 638, 641, 60 Atl. 289; *Dunham* v. *Cox,* 81 Conn. 268, 272, 70 Atl. 1033. A misstatement of a man's mind is therefore a misstatement of fact. Bowen, L. J., in *Edgington* v. *Fitzmaurice,* L. R. 29 Ch. D. 459, 483. The existence of the intent not to perform the promise at the time of its making makes the fraud. *Ayres* v. *French,* 41 Conn. 142, 154. The breach of an honest promise to perform can never support an action of fraud.

The defendants urge that this exception has no application to this action, since there is no allegation of a present intention not to perform, and that the promise was used to deceive. An allegation of a present intention to deceive is an essential allegation in an action of deceit based upon an unfulfilled promise to do a future act. But it is not indispensable that this be made by direct allegation of an intention to deceive,—no mere form of words is necessary—it is sufficient if from the facts stated in their ordinary acceptation such intent may be reasonably implied or inferred. *Fredericks* v. *Kreuder,* 137 N. Y. App. Div. 325, 327, 121 N. Y. Supp. 1001; *Bank of Montreal* v. *Thayer,* 7 Fed. Rep. 622, 625. Similarly, fraud need not be specifically pleaded, the facts alleged must be such that it will be implied or inferred from them. *Fisk's Appeal,* 81 Conn. 433, 440, 71 Atl. 559; *Gustafson* v. *Rustemeyer,* 70 Conn. 125, 133, 39 Atl. 104.

Is the implication or inference that these defendants did not intend to fulfil their promise at the time of its making, reasonably to be made from the facts alleged,

that the "defendants, falsely and fraudulently represented to the plaintiff, with the intent to deceive him," etc.? "False" may mean untrue, or it may mean designedly untrue, implying an intention to deceive. When applied to the representations of one inducing an act to another's injury, it implies a purpose to deceive. *State* v. *Smith*, 63 Vt. 201, 210, 22 Atl. 604. Webster's New International Dictionary defines "false representation" as "an untrue representation willfully made to deceive another to his damage." And this is the approved definition and accords with the common understanding.

If "false" stood as the only qualifier of the representations alleged to have been made, the words must have been construed to mean intentionally untrue representations designed to deceive. But when the representations are alleged to be fraudulent as well as false, it is impossible to conceive that they were not made with a fraudulent intent.

Fraudulent representations are those proceeding from or characterized by fraud. Their purpose is to deceive. A fraudulent representation in law is one that is either knowingly untrue, or made without belief in its truth, or recklessly made and for the purpose of inducing action upon it. *Edgington* v. *Fitzmaurice*, L. R. 29 Ch. D. 459. "After stating what representations were made with sufficient particularity, it is enough to aver that they were wrongful, false, and fraudulent. It is not necessary in such a pleading to define the meaning of these terms; and to say that the representations were made with intent to deceive, would add nothing to the allegation that they were falsely and fraudulently made." *Bank of Montreal* v. *Thayer*, 7 Fed. Rep. 622, 625. "The term 'fraudulent representations' imports of itself the commission of an active wrong in saying what was said." *Scholfield G.*

*& P. Co.* v. *Scholfield*, 71 Conn. 1, 16, 40 Atl. 1046. "Fraud," says Cooley on Torts, p. 474, "consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed."

We think the complaint sufficiently states that the false and fraudulent representations were made with the intention of deceiving the plaintiff, and that their fraudulent purpose prevailed. The demurrer should have been overruled.

There is error and a new trial is ordered.

In this opinion the other judges concurred.