STASIA ZYBURA *v.* HENRY ZYBURA, SR.

BALDWIN, O'SULLIVAN, WYNNE, DALY and PHILLIPS, Js.

Argued June 16—decided July 5, 1955

*Joseph P. Cooney,* with whom, on the brief, were *Stanley Yesukiewicz, Henry F. Cooney* and *John F. Scully,* for the appellant (defendant).

*Seymour A. Rothenberg,* for the appellee (plaintiff).

PHILLIPS, J.   This is an action brought to the Court of Common Pleas by a wife under General Statutes, § 7308, claiming indemnity from her hus-

band for money expended for the support of herself and two minor children, and also, in equity, asking an order for future support. The court rendered a judgment of $2444 for past expenditures and ordered future weekly payments of $33—$15 for the support of the plaintiff and $9 for each of the children. The defendant has appealed. In his cross complaint he demanded custody of the two children, but the trier ruled that the Court of Common Pleas has no jurisdiction of the custody of children. No error has been claimed as to this ruling.

The defendant filed assignments of error to a number of facts as set forth in the finding. Without exception, these findings were supported by evidence. The facts found, with such minor additions as may be made, are as follows: Until July, 1951, the plaintiff and the defendant, wife and husband, lived together in a house in Enfield, which they owned jointly. In 1949 the plaintiff brought a divorce action which was denied in June, 1951. After the denial, the defendant drank heavily, heaped profanity upon the plaintiff, called her vile names and subjected her to abuse and other acts of cruelty. When the plaintiff protested, he would tell her to get out if she did not like it. For at least several months prior to July, 1951, the plaintiff and her family were provided with only the barest necessities of life. The plaintiff, finding conditions intolerable, left the defendant in early July, 1951, and took her two youngest children with her. She at no time denied the defendant the right to visit them. She went to live with her sister in Massachusetts and found employment at a gross salary of $36 per week; with overtime, she occasionally made $40 a week. Whatever she earned she was

compelled to expend in support of herself and the children. While the defendant sent her money until April, 1952, she has received no support since then. She has paid $24 weekly to her sister for room and board for herself and the children. She has made further expenditures for hospital and medical bills. Other facts will be detailed as they become applicable to the opinion.

The court concluded that the plaintiff left the defendant's home for justifiable cause and that no valid reason existed to warrant the defendant's ceasing to support her and the two children. Upon the subordinate facts these conclusions were fully warranted. *Morris* v. *Morris,* 132 Conn. 188, 193, 43 A.2d 463; *Campbell* v. *Campbell,* 110 Conn. 277, 278, 147 A. 800; *White* v. *White,* 138 Conn. 1, 5, 6, 81 A.2d 450.

The court awarded the plaintiff $2444 to indemnify her for expenditures made from April 1, 1952, to September 15, 1953, the date of the writ, a period which the court computed to be slightly over 74 weeks. From the fact that the plaintiff expended all of her earnings between these dates for the support of herself and the children, the court could, with reason, draw an inference that she spent at least $33 a week for this purpose. The court did not err in making the award under § 7308.

In an equitable action by a wife against her husband for future support, the measure of the husband's duty is that support which the wife is entitled to by virtue of the marriage contract. *Smith* v. *Smith,* 114 Conn. 575, 580, 159 A. 489. He must provide for her within the reasonable limits of his ability, and what is reasonable must be determined by a court of equity after a full disclosure of his financial condition and his and her station in life.

*Smith* v. *Smith,* supra, 581. The obligation of a father to support his child is the same, although in some cases it may be more stringent. *State* v. *Moran,* 99 Conn. 115, 120, 121 A. 277.

At the time of trial the plaintiff was earning $57.77 per week take-home pay. She owns a one-half interest in the Enfield house, where the defendant resides with an older son. One of the children living with her has a heart condition which requires medical attention. She pays $53.70 a month rent, her food bill is $23 a week, and there are bills for clothing, medicine and sundries. The defendant works for the state and earns $45 a week take-home pay. He spends $20 to $24 a week for food for himself and his son. There was no finding that he had any assets except the other half interest in the Enfield house. There is a mortgage on it of $2200, requiring monthly payments of $43, and the taxes are $173 a year. The defendant has always made these payments.

It is true that the powers of a court of equity are sufficient to subject the defendant's interest in the Enfield house, which has been attached, to its decree. *Artman* v. *Artman,* 111 Conn. 124, 130, 149 A. 246. However, there is a mortgage on the property, and undoubtedly the execution on the judgment for past support in the present case will be levied upon the equity. There is no finding as to the value of that equity. In view of the size of the take-home pay of the defendant, it is obviously beyond his ability to comply with the order to pay $33 weekly for future support, unless he has other means from which he can draw to make the payments. For all that appears to the contrary, the equity under attachment may be wiped out in satisfying the judgment of $2444 for past support. The

order to pay $33 weekly for future support constitutes an abuse of the court's discretion.

There is no merit to the defendant's contention that the plaintiff waived her right to support by her statement on the witness stand that she did not want support for herself. The court has found that this statement was an emotional outburst due to stress and strain and that thereafter for the rest of the trial she offered evidence in support of her claim for support for herself and the children. The case cited in the defendant's brief concerns the unequivocal concession of a fact, and the opinion states that the court may allow the concession to be withdrawn, explained or modified, if it was made by improvidence or mistake. *Kanopka* v. *Kanopka,* 113 Conn. 30, 39, 154 A. 144.

There is error in part; the judgment is affirmed except as regards the amount of future support, and as to that a new trial is ordered.

In this opinion the other judges concurred.