MARGARET HIRSCH ET AL. *v.* ELMER M. THRALL

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued January 4—decided March 21, 1961

*John C. Dennis,* for the appellant (defendant).

*Daniel D. Schwartz,* for the appellees (plaintiffs).

BALDWIN, C. J. The defendant has appealed from a judgment for the plaintiffs in an action alleging negligence in the operation of a school bus owned by him and operated by his agent in the course of his employment. The defendant assigns error in the subordinate facts found by the court, in the court's conclusions, and in the overruling of his claims of law.

The facts found by the court relating to the way in which the plaintiffs sustained their injuries can

be stated briefly as follows: On March 27, 1958, about 4 o'clock in the afternoon, the plaintiff Jane D. Fretard, who sues to recover damages for the loss of the services of her minor son, Joseph J. Fretard, and for money expended for medical services made necessary by his injuries, was operating her husband's automobile in a northerly direction on Flanders Road in Stonington. Joseph is also a plaintiff and sues by his mother as next friend to recover damages for personal injuries. The plaintiff Margaret Hirsch and three Fretard children, including Joseph, were passengers in the Fretard car. When that car was approaching the intersection of Flanders Road and Montauk Avenue, a bus occupied only by its driver and proceeding southerly on Flanders Road at a high speed, swung around a curve and through the intersection on its left-hand side of the road. This forced Mrs. Fretard to drive sharply to her right into an accumulation of loose sand along the easterly edge of the road. The bus driver turned sharply to his right, too, and a collision was barely avoided. Mrs. Fretard, however, lost control of her car and it collided with a wall, causing injury to the plaintiffs Margaret Hirsch and Joseph Fretard. The court concluded that the negligent operation of the bus was the proximate cause of the plaintiffs' injuries.

Whether the defendant owned the bus and whether it was being operated by an agent of his in the course of his employment were crucial issues in the case. The defendant has assigned error in some of the findings relating thereto, and we have made corrections where they were warranted. On March 27, 1958, the defendant owned and operated a fleet of school busses, painted yellow, which were used to transport pupils to and from the public

schools in Stonington. The elementary schools closed at 3:30 p.m. The busses, after the pupils were discharged from them, were taken to a garage between 3:50 and 4:30 p.m. Three busses which operated in the area of Flanders Road ordinarily traveled south the entire length of that road between 3:30 and 4:15 p.m. on their way to the garage. The garage is about a mile from the southerly end of Flanders Road. There was another school bus, not owned by the defendant, which transported pupils to a private school. Its driver was a son of the plaintiff Margaret Hirsch and a brother of Mrs. Fretard. Neither he nor the bus he drove was involved in the incident on Flanders Road on March 27. Mrs. Fretard had lived nine years in a house near one of the Stonington schools, and she was familiar with the defendant's busses because they passed her house twice daily. The bus involved in the incident on Flanders Road on March 27 was, in size, shape and color, similar to, and looked like, one of the defendant's busses. After the accident, Mrs. Fretard saw all the defendant's operators but was unable to identify any of them as the operator of the bus involved. On days when some of the pupils were absent from school, the route taken by the busses was altered accordingly. None of the operators of the defendant's busses reported any incident on Flanders Road on March 27.

The court found specifically that in response to a motion filed on December 6, 1958, asking the defendant to disclose whether any bus of his was operated "on or near Flanders Road" between 3:30 and 4:15 p.m. on March 27, 1958, he answered affirmatively. The defendant claims that since this interrogatory and the answer thereto were not offered in evidence, they should not have been considered

by the court in reaching its conclusions. The court concluded that a bus of the defendant was involved in the incident on Flanders Road on March 27 and that it was being operated by an agent of his in the course of his employment.

On the issues of the ownership of the bus and the agency of the driver, the plaintiffs' case rested entirely on circumstantial evidence. The court's finding as to the interrogatory and the answer is susceptible of two interpretations; one, that they existed as facts, and two, that they tended to establish as a fact that one of the defendant's busses was being operated at the particular time in question "on or near Flanders Road." While the memorandum of decision cannot supplant the finding, we may consult the memorandum for a better understanding of the basis of the court's decision. *Murphy* v. *Murphy*, 143 Conn. 600, 602, 124 A.2d 891; *Murphy* v. *Dantowitz*, 142 Conn. 320, 324, 114 A.2d 194; Maltbie, Conn. App. Proc. § 152. In its memorandum, the court specifically stated, in a summary of the proof adduced to establish the ownership of the bus and the agency of the driver, that in answer to a motion for disclosure the defendant "admitted" that one of his school busses was being operated on Flanders Road in Stonington on the day and at the specific time in question. It is obvious, therefore, that the court considered the interrogatory and the answer as proof of the fact in issue and that they entered vitally into its conclusions as to the ownership of the bus and the agency of the driver.

In *Bochicchio* v. *Petrocelli*, 126 Conn. 336, 339, 11 A.2d 356, we said: "An answer filed by a party to an interrogatory has the same effect as a judicial admission made in a pleading or in open court." A party is bound by a judicial admission unless the

court, in the exercise of a reasonable discretion, allows the admission to be withdrawn, explained or modified. *Bridgeport* v. *Stratford,* 142 Conn. 634, 646, 116 A.2d 508; *Zybura* v. *Zybura,* 142 Conn. 553, 558, 115 A.2d 452; *Kanopka* v. *Kanopka,* 113 Conn. 30, 39, 154 A. 144; *Bochicchio* v. *Petrocelli,* supra, 340. Where an admission is made in a pleading in a case on trial, or is made in open court, a different situation is presented from that here. The party against whom the admission is claimed knows that it will be used against him, and he has an opportunity to withdraw or explain it if the court, in the exercise of a reasonable discretion, allows him to do so. Where, as here, a party desires to rely on an answer to an interrogatory which has been filed in response to a motion for disclosure, he should offer in evidence, or call to the attention of the trier, that on which he desires to rely. The opposing party will thus be put on notice and can act accordingly. An examination of the record and briefs in the *Bochicchio* case, supra, shows that it was tried to the court without a jury, that the interrogatories and the answers thereto were offered in evidence, and that although the court thought it unnecessary that they be received in evidence, it stated that it would "take knowledge of [them] as part of the record." A-143 Rec. & Briefs, back of p. 167. The *Bochicchio* case is not authority for the proposition that interrogatories and the answers thereto are, without more, judicial admissions in the same sense as admissions in the pleadings or in open court.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.