MATTER OF KINNEY

In DEPORTATION Proceedings

A-5585866

*Decided by Board May 20, 1964*

Respondent's conviction of obtaining goods under false pretenses in violation of section 8698, General Statutes of Connecticut, 1949 Revision (C.G.S.A. section 53-362), is not a conviction of a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Two crimes after entry: breaking and entering (three counts) and larceny (three counts) (1957); obtaining goods under false pretenses (1958).

This is an appeal by the trial attorney from the decision of the special inquiry officer holding that the respondent was not deportable upon the ground stated above. The question presented on the appeal is whether respondent's conviction for obtaining goods under false pretenses is a crime involving moral turpitude. The appeal will be dismissed.

The respondent, a 38-year-old single male, native and citizen of Canada, was admitted to the United States for permanent residence on October 8, 1942, he last entered the United States about the summer of 1947 after a brief visit to Canada. His deportation is sought on the ground that he had been convicted of two crimes after entry. In 1957 he was convicted on three counts of breaking and entering and on three counts of larceny, all, the special inquiry officer found, arising out of a single scheme. Respondent was fined $72.

On June 23, 1958 respondent was convicted at Manchester, Connecticut for obtaining goods under false pretenses in violation of section 8698, General Statutes of Connecticut, 1949 Revision (C.G.S.A., Section 53-362). The special inquiry officer held that the crime defined did not involve moral turpitude because intent to defraud was not an element; the Service contends the special inquiry officer is in error.

Section 8698, General Statutes, reads as follows: Any person who knowingly makes or causes to be made, either directly or indirectly

548

or through any agency, any false statement in writing, with intent that it shall be relied upon, concerning the financial condition or means or ability to pay of himself or of any other person for whom he is acting or of any firm or corporation in which he is interested or for which he is acting, for the purpose of procuring, for his own benefit or for the benefit of such person, firm or corporation, the delivery of personal property, the payment of cash, the making of a loan or credit, the extension of a credit, the discount of an account receivable or the making, acceptance, discount, sale or endorsement of a bill of exchange or promissory note, or who, knowing that a false statement in writing concerning the financial condition or means or ability to pay of himself or of any such person, firm or corporation has been made, procures, upon the faith thereof, for his own benefit or for the benefit of such person, firm or corporation, any such delivery, payment, loan, credit, extension, discount, making, acceptance, sale or endorsement, shall be fined not more than two thousand dollars or imprisoned not more than five years or both.

The special inquiry officer, pointing out that Connecticut has a "false pretense" statute (section 8696, 1949 Rev.; C.G.S.A.—53—360) in which an "intent to defraud" is expressly made an essential element, and that the "intent to defraud" is neither an expressed element of section 8698, nor one the courts have found there by implication, concluded that the crime could be committed without an intent to defraud (one could obtain goods by false representation and yet intend to pay for them) and held therefore that moral turpitude was not involved.

The trial attorney believes that since section 8698 requires the false statement to be made with intent that it be relied upon; the crime is one involving moral turpitude. The intent to which moral turpitude adheres, is the intent to do evil or work fraud—this intent is absent in section 8698. The intent that the false statement be relied upon is not necessarily an intent to do evil or work fraud because as the special inquiry officer has pointed out, one who intends that there be reliance upon his false statement may nevertheless also intend to pay for the goods he is attempting to obtain (*Matter of S*—, 2 I. & N. Dec. 353, 357–362; see, *State* v. *Taylor*, 183 N.W. 998 (Sup. Ct. S.D. 1921)). The fact that a person convicted under section 8698, intended to commit fraud, does not make a conviction under the section one involving moral turpitude. It is well settled that if a crime, as defined, does not inherently involve moral turpitude, then no matter how immoral the alien may have been in the particular instance, he cannot be deemed to have been convicted of a crime involving moral turpitude. "It is the moral obliquity of the crime and not of the individual that is the test under the law" (*Matter of E*—, 2 I. & N. Dec. 134, 145). The Service cases do not establish that an intent to defraud is an essential element

of a conviction under section 8698: *State* v. *Penley*, 27 Conn. 587 (1858) involved a law which required an intent to defraud; *Sallies* v. *Johnson*, 85 Conn. 77 (1911) was a civil action to recover damages for fraud. Other cases cited are not pertinent.

Since the Service has failed to establish that the conviction in question involves moral turpitude, the appeal of the trial attorney must be dismissed.

**ORDER:** It is ordered that the appeal of the trial attorney be and the same is hereby dismissed.