Frances R. Snow *v.* Howard Motors, Inc., et al.

Appellate Division of the Circuit Court

File No. CV 7-648-5253

Argued April 25—decided June 10, 1966

*John A. Spector,* of Hartford, for the appellants (defendants).

*Alan M. Solomon,* of Meriden, for the appellee (plaintiff).

DEARINGTON, J. The plaintiff brought this action to recover damages claimed to have resulted from misrepresentations made to her by the defendants which induced her to turn her automobile over to the defendants and purchase another car from them. The defendants answered by way of a general denial. Judgment was rendered for the plaintiff against the defendants, and they have appealed.

In their first assignment of error, the defendants claim the trial court erred in basing its judgment on fraud when the complaint sounded in contract. While it is true that the allegations are set forth in a rather interstitial manner and should have been formulated with more precision, they do, when considered as a whole, fairly disclose the ground of the plaintiff's claim. See Practice Book § 70; *Sallies* v. *Johnson*, 85 Conn. 77, 82; *E. DeVoe Tompkins, Inc.* v. *Bridgeport*, 100 Conn. 147, 154; 24 Am. Jur., Fraud and Deceit, §§ 245-248. The plaintiff might have adopted the form suggested in the Practice Book, Form 181. The case was tried solely on the issue of fraudulent representation. The defendants, in their motion for a nonsuit, which was denied, admitted that the issue had to be one involving an alleged fraud. There was no objection from the defendants on the ground that they were misled or surprised, nor did they make any claim that any offered evidence was not within the allegations of the complaint. *Pierce, Butler & Pierce Mfg. Corporation* v. *Enders*, 118 Conn. 610, 613. This assignment of error must fail.

The defendants further assign error in the court's refusal to strike the part of its finding in which it was indicated that the Waterbury National Bank, under the terms of its sales contract with the plaintiff relating to a 1963 Dodge automobile, sold the car at public auction and recovered a deficiency judgment in the amount of $924.84. The defendants claim that there was no competent evidence to support this finding, both as to the repossession and judgment and as to the amount of the judgment. There was evidence elicited from the plaintiff's son on direct examination that the car had been repossessed and the bank had demanded payment from him. This testimony came in without objection. Later, on cross-examination, he was asked whether

the defendants had sold the Dodge. His answer was "No." When asked the source of his information, he answered that he read it from the title. The defendants objected, claiming that the document was not in evidence, and moved unsuccessfully to strike the answer. Even though the court might have ruled otherwise, its ruling was not of sufficient consequence to constitute reversible error since the witness had previously testified that the bank had repossessed the car and demanded payment of the deficiency from him. Furthermore, the defendants' only witness, Howard Gitlen, president of Howard Motors, Inc., testified that the Dodge remained at Howard Motors, Inc., from November 7, 1963 until the bank picked it up.

The defendants' second contention under this assignment of error is that there was no evidence offered to support the amount of the deficiency judgment recovered by the bank. That amount was an important element in the plaintiff's case, since her measure of damages was claimed to be the amount of the judgment and was so accepted by the court. After the plaintiff had testified as to the repossession and deficiency judgment obtained by the bank, she was asked: "And how much money did the bank recover from you?" At this point the defendants objected, claiming her answer would be irrelevant. During the colloquy which followed, the defendants also claimed her answer could be hearsay. The objection was overruled and an exception taken by the defendants. Whether her answer might have been hearsay we have no way of knowing since the question remained unanswered. At this point the plaintiff's attorney informed the court that certain disclosures had been made (which do not appear in the records) concerning "various items which point out the fact of the vehicle——" The court interjected, stating, "It has been noted."

This statement by the court may have misled the plaintiff into believing that further proof of the amount of the deficiency judgment was unnecessary. Since the court in its memorandum of decision found that the bank had obtained a deficiency judgment in the amount of $924.84, and that amount was incorporated in its subordinate facts by reference, we conclude that the court obtained the amount from the disclosures alluded to in the colloquy. No document was offered or received in evidence indicating the amount of the deficiency judgment, and it follows that no evidence was made available to the court from which it could take notice of the amount. In so doing, it committed a material error. See *Hirsch* v. *Thrall,* 148 Conn. 202, 205, as to the effect of disclosures, and *Automobile Ins. Co.* v. *Conlon,* 153 Conn. 415, 421, for the effect of facts appearing in a memorandum of decision.

During the testimony of both the plaintiff and her son, a number of questions were asked and answered by the witnesses without objections, but thereafter the defendants raised objections to questions and attempted to embrace evidence previously received into such objections. An objection should be made with sufficient accuracy and specificity not only to assist the trial court but also to form a satisfactory basis for a reviewable ruling. See *Casalo* v. *Claro,* 147 Conn. 625, 627. Furthermore, "[t]he general principle governing the time of the objection is that *it must be made as soon as the applicability of it is known* (or could reasonably have been known) *to the opponent,* unless some special reason makes a postponement desirable for him and not unfair to the proponent of the evidence. . . . For evidence contained in a *specific question,* the objection must ordinarily be made *as soon as the question is stated,* and before the answer is given; unless the inadmissibility was due, not to the sub-

ject of the question, but to some feature of the answer." 1 Wigmore, Evidence (3d Ed.) p. 323.

The finding, with such change as is warranted, that is, the amount of the deficiency judgment is deleted, is as follows: On November 7, 1963, the plaintiff owned a 1963 Dodge automobile subject to a conditional sale contract held by the Waterbury National Bank. On that day the plaintiff, accompanied by her son and in response to a radio advertisement of the defendant Howard Motors, Inc., went to its business location. The radio advertisement related to "trade down" deals. Such a deal is one where a car owner makes an arrangement with a car dealer whereby the car dealer takes in a car owned by the customer and which is subject to monthly payments and sells the owner a cheaper car upon acceptable terms. After arriving at Howard Motors, Inc., the plaintiff dealt with Robert Butler, one of its salesmen, and as a result she purchased a 1959 Ford. Butler stated to the plaintiff that the defendants would either sell her 1963 Dodge for an amount sufficient to discharge the conditional sale contract and refund the balance to the plaintiff or they would take the car and pay the balance due. Upon completion of the title transfer and finance arrangements for the 1959 Ford, the defendant Howard Motors, Inc., took possession of the 1963 Dodge and attached its registration plates to it. The defendants made no monthly payments on the Dodge and the bank repossessed it two months later. The Dodge was then sold at auction and the bank obtained a deficiency judgment against the plaintiff. The plaintiff had no notice from the defendants that monthly payments to the bank had not been made or that the balance due had not been paid. The defendants were in possession of the Dodge from November 7, 1963, to the time of repossession. The court further found

that the plaintiff was indebted to Howard Motors, Inc., in the amount of $50.

The court concluded: (1) The plaintiff was induced to buy a 1959 Ford and surrender possession of her 1963 Dodge through the fraudulent representations of the defendants; (2) the advertising of the defendant Howard Motors, Inc., coupled with the representations of both Howard Motors, Inc., and Butler, constituted fraud; (3) the plaintiff relied on the defendants' fraudulent conduct and statements to her damage. Judgment was rendered for the plaintiff in the amount of $874.84.

The defendants also assign error in the court's conclusions. They claim that if certain representations were made by the defendants they related to promises to do acts in the future and therefore could not constitute fraud. *Barnes* v. *Starr,* 64 Conn. 136, 156. If, however, the promises were coupled with a present intent not to fulfil them, such conduct would be actionable. *Sallies* v. *Johnson,* 85 Conn. 77, 80; *Barlow Brothers Co.* v. *Gager,* 113 Conn. 429, 445; *Flaherty* v. *Schettino,* 136 Conn. 222, 226. The defendants assert that there was no allegation or finding that an intent existed not to perform the promises when made. The plaintiff had alleged certain representations which induced her to enter into the contract, such as the defendants' promise to sell the Dodge and pay off the balance due on it, and further that such promise had not been performed. There was evidence that the defendants represented to the plaintiff that they would pay the bank, and they informed the plaintiff that she would not have to worry about the balance due on the Dodge. These facts and others relating to the alleged fraud are incorporated in the finding to the effect that the defendants agreed to sell the Dodge and pay the bank and refund the balance to the

plaintiff or they would take the car and pay the balance owed to the bank. While an attack was made on this part of the finding, in the defendants' assignment of error, it was later abandoned in their brief. The finding further indicates that neither of these promises were performed, with the result that there was a repossession of the automobile by the bank followed by a deficiency judgment, to the plaintiff's injury. Such conduct, the court concluded, constituted fraud. The gist of the fraud in such a case is not the breach of the agreement to perform but the fraudulent intent of the promisor, if there be such, in making a false representation of an existing intention to perform when in fact the promisor does not intend to carry out his promise. *Ayres* v. *French*, 41 Conn. 142, 155. The modern theory recognized by our Supreme Court categorizes a promise which the promisor has no intention of performing as a misstatement of a material and subsisting fact, thus recognizing the oft-quoted language of Lord Bowen: "There must be a misstatement of an existing fact; but the state of a man's mind is as much a fact as the state of his digestion." *Edgington* v. *Fitzmaurice,* 29 Ch. D. 459, 483; *Sallies* v. *Johnson,* supra, 81; *Philadelphia Storage Battery Co.* v. *Kelley-How-Thomson Co.,* 64 F.2d 834; 23 Am. Jur. 888, Fraud and Deceit, § 106.

"A promise is sometimes the very device used for the purpose of accomplishing a fraud, and the most effectual means to that end." *McLaughlin* v. *Thomas,* 86 Conn. 252, 257. The intention not to perform cannot be presumed or found except upon proof affirmatively establishing it, either directly or by a fair and reasonable inference from the facts and circumstances surrounding the situation. Id., 259. While nonperformance of a promise is not in itself evidence establishing fraud or a lack of intent

to perform; *Flaherty* v. *Schettino,* supra; such non-perfomance, may, when coupled with other evidence, support an inference of lack of intent to perform at the time the promise is made. *Murphy* v. *T. B. O'Toole, Inc.,* 47 Del. 99; *Charpentier* v. *Socony-Vacuum Oil Co.,* 91 N.H. 38; 24 Am. Jur., Fraud and Deceit, § 287; 37 C.J.S., Fraud, § 116. The "trade down deal" radio advertisement of the defendant Howard Motors, Inc., announcing that it would take in a car subject to monthly payments and sell the owner a cheaper car, the making of material representations as positive assertions relating to paying the balance due on the plaintiff's Dodge, the failure to perform the promise, the ability of the defendants to perform, the failure of the defendants to notify the plaintiff her car had been repossessed, and the plaintiff's financial burden in ultimately being compelled to finance two cars were facts which the court was entitled to consider. While each of such facts, standing alone, would not be sufficient to manifest an intent not to perform, they were by cumulative strength of sufficient evidential value to raise a reasonable inference that the defendants' purpose was to deceive the plaintiff. It is a well-known rule of law that a representation of fact known to be untrue or recklessly made by one in a position to know the truth, or made without belief in the truth, is a fraudulent representation. *Sallies* v. *Johnson,* supra, 82; *Green* v. *Brown,* 100 Conn. 274, 278; *Colvin* v. *Delaney,* 101 Conn. 73, 77; *E. & F. Construction Co.* v. *Stamford,* 114 Conn. 250, 257. The court committed no error in concluding that the representations were falsely made. Implicit within this conclusion was an intent not to perform.

The defendants further assign error in the court's conclusion that the plaintiff had relied on the alleged representation. They assert that there was

no evidence to support this conclusion. It is a fundamental principle of the law of fraud that in order to secure redress the representation must have been relied upon as an inducement to action by the promisee; *Lowe* v. *Kohn,* 128 Conn. 45, 51; that is, it must appear that the party to whom the representation was made was in fact induced thereby to act to his injury. *Bradley* v. *Oviatt,* 86 Conn. 63, 67. The character of the representation may be considered in determining whether it was probably relied on. "Furthermore, it is not necessary that the false representations should have been the sole inducement." *Taylor* v. *Lounsbury-Soule Co.,* 106 Conn. 41, 51. The facts considered under the prior assignment of error were powerful inducements moving the plaintiff to enter into the transaction. The conclusion that the plaintiff was induced to rely and did in fact rely on those inducements, to her injury, obtains adequate support from the subordinate facts. The court committed no error in this respect.

Since we have stricken the amount of the deficiency judgment from the subordinate facts for reasons heretofore considered, the trial court was left with no adequate basis for determining the amount of damages it awarded the plaintiff. It thus erred in reaching its conclusions in this respect.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover such damages as she may prove on a new trial limited to the issue of damages.

In this opinion KOSICKI and KINMONTH, Js., concurred.