ANTHONY FERREIRA ET AL. *v.* RONALD F. STORMS, ADMINISTRATOR (ESTATE OF ROBERT T. MISKA), ET AL.

ALCORN, HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued February 5—decided March 3, 1970

*Valentine J. Sacco,* for the appellants (plaintiffs).

*William W. Sprague,* with whom was *James T. Haviland II,* for the appellees (defendants).

SHAPIRO, J. The plaintiffs brought this action to recover for damages sustained by them when an automobile operated by Robert T. Miska, hereinafter called the decedent, struck their house on September 27, 1964. The jury returned a defendants' verdict. The plaintiffs have appealed from the judgment rendered on the verdict, assigning error in the charge, in the refusal to charge as requested and in certain rulings on evidence.

As to the error claimed in the portion of the charge attacked, no exceptions were taken. Consequently no error may be predicated on this

ground. Practice Book § 249; *Prystash* v. *Best Medium Publishing Co.,* 157 Conn. 507, 512, 254 A.2d 872.

Only one of several assigned errors in the court's failure to charge the jury as requested is pursued. The others are considered as abandoned. *Horton* v. *Vickers,* 142 Conn. 105, 107, 111 A.2d 675. There was a dispute as to what caused the loss of control over the operation of the automobile by the decedent. The plaintiffs requested the court to charge as follows: "You may presume that the intestate, Robert T. Miska, was in normal health at the time of the accident." The court charged that inferences may be drawn from circumstantial evidence with respect to the issue of consciousness of the decedent operator prior to the accident and that, when the existence of a state of things is once established by proof, a rebuttable presumption arises that it continues to exist as before until the contrary is shown by the facts and circumstances of the case. This was a correct statement of the law. *Nikitiuk* v. *Pishtey,* 153 Conn. 545, 552, 219 A.2d 225. "Error cannot be predicated on the refusal to comply with a request which is inconsistent with law." *Bernard* v. *Ribner,* 151 Conn. 670, 673, 201 A.2d 658.

The final assignments of error are addressed to various rulings on evidence. Some of the separate findings related to these rulings are not in accord with Practice Book § 648 and thereby create unnecessary confusion because of the failure to disclose sufficient facts from which the materiality and the correctness of the ruling may be determined. *Schurgast* v. *Schumann,* 156 Conn. 471, 481, 242 A.2d 695; *Casalo* v. *Claro,* 147 Conn. 625, 629, 165 A.2d 153. We will, however, consider them in order to pass on the issues as raised.

Error is assigned in a ruling of the court permitting the introduction of evidence as to the medical history of the decedent, which included meningoencephalitis at the age of seven, in view of the defendants' responses to the plaintiffs' motion for disclosure and production. In reply to the plaintiffs' interrogatory "Did the decedent have any physical or mental abnormalities originating prior to the accident causing decedent's death, which contributed to or accelerated the occurrence of his death?" the defendants had answered, "Unknown." At the time, the defendants in fact did not know and so informed the court. "An answer filed by a party to an interrogatory has the same effect as a judicial admission made in a pleading or in open court . . . but it is not conclusive upon him and will not prevail over evidence offered at the trial." *Bochicchio* v. *Petrocelli,* 126 Conn. 336, 339, 340, 11 A.2d 356. "The party against whom the admission is claimed knows that it will be used against him, and he has an opportunity to withdraw or explain it if the court, in the exercise of a reasonable discretion, allows him to do so." *Hirsch* v. *Thrall,* 148 Conn. 202, 207, 169 A.2d 271. The court properly exercised its discretion in permitting evidence of medical history.

In response to the plaintiffs' interrogatory asking for a description of injuries and illnesses of the decedent within five years prior to the date of the accident, the defendants answered: "Unknown at this time. Defendants will attempt to obtain this information for the plaintiffs." The hospital records placed in evidence disclosed that the decedent had suffered a broken nose four years and eight months prior to the date of the accident. James C. Fox, Jr., a neurologist, testified for the defendants that a brain hemorrhage such as the decedent was found

to have suffered would likely produce a convulsive seizure and paralysis on the opposite side of the body and that the decedent's meningoencephalitis or his broken nose could cause a glial scar which might trigger a convulsive seizure. Evidence that the decedent had suffered a brain hemorrhage is not disputed. No objection was made to the testimony of Dr. Fox. The court acted within its discretion in admitting the hospital record concerning the broken nose. *Hirsch* v. *Thrall,* supra, 206.

Howard Gold, a general medical practitioner, called by the defendants as a witness, testified that he had occasion to examine the decedent on June 18, 1964, and that as part of that examination he obtained his history. Upon first being asked "What did the history contain, doctor?" there was objection by the plaintiffs and an exception taken. Further testimony was then elicited by the defendants from this witness relating to the history given by the decedent that he had meningoencephalitis as a child of seven years. Dr. Gold was then asked to describe the course of this disease, to which objection was made. The question was withdrawn. The plaintiffs also moved to strike out all of Dr. Gold's testimony concerning meningoencephalitis as not coming from an expert. The finding fails to disclose any testimony given by the doctor. Accordingly we need not consider these claims. Practice Book § 648; *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 281, 197 A.2d 73; *Arvee Construction Co.* v. *Ardolino,* 144 Conn. 7, 12, 127 A.2d 39; Maltbie, Conn. App. Proc. § 147.

Allan Klatsky, a doctor specializing in hematology and internal medicine, was called by the defendants and testified that he performed an autopsy on the decedent and found, among other things, a

brain hemorrhage and destruction of brain tissue in the area surrounding the hemorrhage. He found nothing unusual externally to account for it. There was no objection to his testimony. An objection must be made and an exception must be taken to make a ruling a ground of appeal. Practice Book § 226. The plaintiffs claim that his testimony was incompetent and that the court should have exercised its discretion and on its own motion instructed the jury to disregard it. Only where the procedure set forth in Practice Book § 226 is followed will a ruling by a trial judge on the evidence be considered by us. Practice Book §§ 648, 652; *Skinner* v. *Skinner,* 154 Conn. 107, 110, 221 A.2d 848. The claim is without merit.

There is no error.

In this opinion the other judges concurred.