MAUREEN J. WOJICK v. EDWARD A. WOJICK

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued March 8—decided April 3, 1973

*Herbert A. Lane,* with whom, on the brief, was *Daniel K. Lamont,* for the appellant (plaintiff).

*James W. Sherman,* for the appellee (defendant).

PER CURIAM. This is an equitable action by the plaintiff wife for support and maintenance. To the complaint the defendant filed an answer and special defense alleging that the plaintiff has so conducted herself that the defendant has been and is justified in living apart from her and she is not entitled to support and maintenance. In this state of the pleadings the plaintiff moved for an order that the defendant pay to her support pendente lite. Both parties filed the financial affidavits required by § 380 of the Practice Book disclosing their respective current income, expenses, assets and liabilities, and the court denied, without prejudice, the plaintiff's motion. The plaintiff has appealed from the denial of her motion.

The record discloses nothing other than the facts which we have noted. The court heard no evidence and made no finding of facts but filed a brief finding indicating that it had considered the contents of the financial affidavits as filed and had concluded that the plaintiff had failed to prove her need for support pendente lite.

What is a reasonable amount that a husband should be required to pay for the support of his wife depends on the facts in the particular situation and "must be determined by a court of equity after a full disclosure of his financial condition and his and her station in life." *Smith* v. *Smith,* 114 Conn. 575, 581, 159 A. 489; *Zybura* v. *Zybura,* 142 Conn. 553, 556, 115 A.2d 452.

On the sparse record in this court, it cannot be held that the trial court erred in denying the pendente lite motion of the plaintiff.

There is no error.