[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The Motion to Strike is granted as to the second count. In the absence of an allegation that the defendants' promise to convey stock was made with an intent not to perform, the defendants' statement is not actionable as a misrepresentation. Barlow Brothers Co. v. Gager, 113 Conn. 429, 445 (1931); Sallies v. Johnson, 85 Conn. 77, 80-81 (1911). "An allegation of a present intention to deceive is an essential allegation in an action of deceit based upon an unfulfilled promise to do a future act." Id. at 81.
The Motion to Strike is granted as to the third count. The plaintiff has failed to allege that the statements regarding the stock offer were made with an intent to deceive. Furthermore, he has failed to allege that the statement that stock certificates were being prepared was a false statement, that the statement was known to the defendants to be false and that the plaintiff relied upon the statement.
As to the fourth count, the plaintiff has sufficiently alleged a claim for tortious interference with contract CT Page 494 rights. Robert S. Weiss Associates, Inc. v. Wiederlight,208 Conn. 525, 535-36 (1988).
Whether the plaintiff can prove the allegations is not to be decided on the present motion. Defendant Summers claims that his conduct was privileged because he is employed by the defendant company. See Kecko Piping Co. v. Monroe,172 Conn. 197, 202, (1977). This issue should not be decided on a motion to strike.
THIM, JUDGE