[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 10254
On October 11, 1960, the plaintiff sued Otis Elevator Co. and DCI Associates. The plaintiff claimed injury while working for a subcontractor of DCI Associates at a building belonging to Otis. Otis filed a cross-claim against DCI Associates on March 5, 1992, for failure to maintain liability insurance protecting Otis pursuant to a construction contract between Otis and DCI. On June 22, 1992, the plaintiff filed a withdrawal against DCI and a substituted complaint dropping DCI from his suit. Both Otis and DCI have moved for summary judgment against each other.
Both motions for summary judgment are denied.
The standard of review for a motion for summary judgment is succinctly stated in Connell v. Colwell, 214 Conn. 242,246, 47 (1990):
 "Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402, 528 A.2d 805 (1987). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book 380, 381; Burns v. Hartford Hospital, [192 Conn. 451, 455, 472 A.2d 1257 (1984)]. In deciding a motion for summary judgment, the trial CT Page 10255 court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978)." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
Otis Elevator's claim on the construction contact at p. 11 of its memorandum in support of its motion for summary judgment dated April 19, 1993, states that the loss or damage to the plaintiff must be caused wholly or partly by the negligence of the contractor. The memorandum continues in an attempt to bind DCI with admissions by the plaintiff made in a deposition. These do not constitute judicial admissions which can be conclusively held against DCI on a motion for summary judgment. Piantedosi v. Floridia, 186 Conn. 275, 277-279
(1982); Hirsch v. Thrall, 148 Conn. 202, 206-207, (1961); Howat v. Passaretti, 11 Conn. App. 518, 525-526 (1987). Numerous material facts concerning the causation and circumstances of the plaintiff's alleged injuries remain in dispute between Otis and DCI.
Both motions for summary judgment are denied.
Edward J. Mullarkey, J.