[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is a contract action and is based on an alleged failure to pay for materials delivered to the defendants. The plaintiff has filed a motion for summary judgment. Counsel for plaintiff has attached to the motion an affidavit of the plaintiff's office manager in which the above mentioned transaction is set forth along with the price of the delivered materials and other costs the plaintiff makes claim for. The affidavit is in proper form and sets forth an adequate factual basis for the claims being made. The plaintiff also filed with the court the defendants answers to request for admissions. These admissions standing alone establish the defendants' liability since they in effect appear to admit those allegations of the plaintiff which would permit recovery on this suit. The matter was listed as a nonarguable but on the date it was set down defense counsel submitted an answer and affidavits from the two owners of the business to which the plaintiff delivered the building materials.
The affidavits submitted by the defendants, again standing alone, do raise genuine issues of material fact which on that basis would make the granting of the plaintiff's motion for summary judgment inappropriate.
The question presented really codes down to deciding whether the answers to the request for admissions are judicial admissions or analogous thereto. If they are judicial admissions the next issue is whether the defendants should be precluded from presenting affidavits or any other material to resist the plaintiff's motion for summary judgment.
Section 240 of the Practice Book certainly makes such answers the equivalent of judicial admissions. That section reads: CT Page 11060
 Any matter admitted under this section is conclusively established unless the court on motion permits withdrawal or amendment of the admission.
The "conclusively established" language would certainly seem to preclude the filing of affidavits contradicting those admissions filed after the admissions were made.
Such an interpretation parallels the ordinary rule regarding the reception of contrary evidence after a judicial admission has been made. The court can allow evidence contradicting the admission in its discretion and can permit the admission to be withdrawn, explained or changed. Ferreira v. Storms, 159 Conn. 259,262 (1970), Hirsch v. Thrall, 148 Conn. 202, 207 (1961). As pointed out in Tait LaPlante, Connecticut Evidence § 6.8.2 page 137 such permission will be granted if the admission was made by improvidence or mistake, citing Kanopka v. Kanopka, 113 Conn. 30,39 (1931).
Given the mandatory language of Section 240 of the Practice Book I believe I have no other choice but to grant this motion for summary judgment unless defense counsel files a P.B. § 240 motion to withdraw or modify the admission. Unless defense counsel files such a motion by September 29, 1995, I intend to grant the motion for summary judgment. If such a motion is filed it should be set down before me on the short calendar of October 2, 1995.