HELMI K. WERONIECKI *v.* JOSEPH F. WERONIECKI ET AL.

SUPERIOR COURT     WINDHAM COUNTY     FILE No. 11530

Memorandum filed October 31, 1960

*Philip M. Dwyer,* of Willimantic, for the plaintiff.

*Irwin I. Krug,* of Willimantic, for the defendant.

COTTER, J.   The plaintiff, Helmi K. Weroniecki, seeks to impress a constructive trust upon a piece of real estate owned by the defendant Joseph F. Weroniecki, her husband.   He got the property by deed in 1954.   They married in 1955 and built a house together upon the land, when the defendant promised her the land and building would belong to them jointly.   A divorce action was commenced in 1959.

Defendant claims by demurrer that he had legal title to the land before any agreements were entered into or work commenced and that therefore there can be no constructive trust.   Our cases in such a proceeding arise where a person at the time he acquires property makes a fraudulent misrepresentation and are founded upon the breach of an oral promise.   *Harper* v. *Adametz,* 142 Conn. 218; *Van Auken* v. *Tyrrell,* 130 Conn. 289.   It has been said that, in acquiring legal title absolutely, "[a]n intentionally false and fraudulent verbal promise to begin with, obtaining the conveyance, is essential. *Sallies* v. *Johnson,* 85 Conn. 77, 80. . . . A mere subsequent repudiation of the verbal promise is not enough." *Reynolds* v. *Reynolds,* 121 Conn. 153, 159; see 54 Am. Jur. 171, § 221.   The action is essentially one of unjust enrichment, for which a constructive trust arises; Restatement, Restitution §§ 160, 180; although § 161 of the Restatement on Restitution speaks also of an equitable lien.   See 4 Scott, Trusts § 462; 3 Bogert, Trusts §§ 471, 472; *Worobey* v. *Sibieth,* 136 Conn. 352, 356.

While plaintiff admits legal title to the land was in the defendant long before the house was built, she claims there was sufficient reason to impose a constructive trust as of the time the defendant allowed the house to be built upon it, and that while the land is "property," so also is the house.

There is some authority for this point of view in the case of *Logan Planing Mill Co.* v. *Pope,* 126 W. Va. 321 (1943), where a constructive trust was created when the owner of a lot fraudulently permitted a builder to mistakenly erect a dwelling thereon and the owner became constructive trustee for the builder to the extent of the value of the improvement. However, that authority (p. 328) found "clear inference of intentional fraud," and it was stated (p. 329) that the owner's legal title to the house was obtained by fraud, "and since title to the house became intermingled with his title to the land upon which the house stood, the title to the whole became tainted and subject to attack. The defendant's title became impregnated with the equitable interest of the plaintiff in a manner that is to be distinguished from a separate incumbrance. . . . Many similar situations have been encountered and that fact led to what has become known as the constructive trust doctrine, under which the legal title to property fraudulently acquired is held subject to the equitable interest of the rightful owner. *Avery* v. *Stewart,* 136 N.C. 426, 48 S.E. 775, 68 L.R.A. 776; 3 Bogert on Trusts and Trustees, 1453."

No such allegations are found in the instant case and therefore the demurrer is sustained.