[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I. THE DISSOLUTION OF THE MARRIAGE 
All of the allegations of plaintiff's complaint having been proven, this court dissolved the marriage of the parties on April 12, 2001. At that time this court also approved plaintiff's request to restore her prior married name of Sandra Francisco.
 II. PERTINENT INFORMATION CONCERNING THE FAMILY RESIDENCE
The parties while together resided at No. 25 Edmund Street, Manchester, Connecticut. This property was originally owned by plaintiff's parents who in 1993 conveyed to plaintiff a one sixth interest in the parcel. From the testimony of plaintiff and her mother it appears that there was an unwritten understanding that plaintiff would purchase the house for $119,000, that she would pay her parents $305 per month for fifteen years and that the debt would bear no interest. Plaintiff has continued to make these monthly payments to her parents without interruption until the present time.
In September, 1997, one and one half years after the marriage of the parties, they borrowed from a local bank the sum of $38,000. Part of this amount was used to pay off family debts with the balance being spent on improvements to the home. The note was signed by both parties and plaintiff's parents with the mortgage securing the debt not requiring defendant's signature. On November 12, 1998 plaintiff acquired an additional one sixth interest in the property and now has a one third interest therein with her parents owning the balance.
Plaintiff on her financial affidavit has valued the property at $134,700, the same amount as indicated in a recent updating of the town assessment records.
James J. Sauve, a qualified real estate appraiser, testified on behalf of defendant that the fair market value of the property was $153,000.
Peggy Gregan, also a qualified real estate appraiser as well as a CT Page 6656 broker, testified that homes in the general vicinity of the property in question sold in the $96,000 to $124,000 range. She had not viewed the interior of the subject premises.
Having reviewed all the evidence relating to the value of the subject premises and having given somewhat more weight to the opinion of defendant's appraiser, the court establishes the value of the subject property at $145,680. It is also noted that the present mortgage balance on the property is $28,466, leaving a total net equity in the property of $117,220.
Plaintiff's one third equity in the premises in question is determined to be $39,073 with the one sixth interest acquired by her during the course of the marriage to be valued at $19,537. Inasmuch as the latter interest was acquired by plaintiff during the marriage with marital funds, it alone will be considered by the court as part of the marital estate when ordering its distribution to the parties. See Weroniecki v.Weroniecki, Et Al., 22 Conn. Sup. 227 (1960).
 III. DEFENDANT'S TORT CLAIM
In February, 1996, while defendant was driving his car westerly on Route 84, it was struck in the rear by another motor vehicle, resulting in neck and other injuries to the defendant. The owner of the car which struck defendant carried only $20,000 in liability insurance, which amount was paid in full to defendant and his attorney.
Defendant had an "uninsured motorist" provision in his own policy to a limit of $100,000 and his attorney is presently pursuing this avenue in an effort to obtain further financial recovery for defendant.
This tort claim of as yet undetermined value is an asset of defendant acquired during his marriage to plaintiff and will be the subject of distribution in later orders of this court. See Raccio v. Raccio,41 Conn. Sup. 115 (1987).
 IV. THE PENSIONS OF THE PARTIES
Both parties, as hereinafter noted, are employed by the State of Connecticut in the Department of Corrections, plaintiff for nine years and defendant for sixteen and one half years. While plaintiff has listed her State of Connecticut retirement or pension on her financial CT Page 6657 affidavit, she has assigned no value to it on that document and has not submitted to the court any evidence of the present value of her pension. Defendant in turn has offered in evidence a state pamphlet setting forth various options available to retiring state employees and confirming that his contributions to the plan now total $26,514. With this meager information in hand the court will include both pensions in the distributable marital estate of the parties.
 V. THE MARITAL ESTATE OF THE PARTIES ON HAND FOR DISTRIBUTION
Plaintiff
 1/6 interest in marital home 25 Edmund Street, Manchester, CT $19,537
 1999 Toyota $16,500 Loan 14,000
Equity $2,500 2,500
Household furnishings —
American Eagle Credit Union 500
 State of Connecticut Pension ? _________ $22,537
Defendant
1992 Nissan Pathfinder
 value $16,500 loan 15,400
$1,100 $1,100
American Eagle Credit Union 600
State of Connecticut Pension 26,514
British Army Pension (pre-marital) —
 Tort Claim ? __________ CT Page 6658 TOTAL $28,214
TOTAL MARITAL ESTATE $50,751
 VI. THE EXAMINATION OF THE EVIDENCE AS IT RELATES TO SECTION 46b-81c C.G.S.
A. General Background Information
The plaintiff wife, who is thirty-seven years of age, and the defendant husband, who is fifty-two, were married on January 7, 1996, five years ago. This was plaintiff's second marriage and defendant's third, all previous marriages having been terminated by divorce. Plaintiff has two sons by her former marriage, aged seventeen and thirteen respectively.
After their marriage the parties resided in a home in Manchester owned by plaintiff and her parents. (The ownership of this dwelling has been described in more detail in an earlier article).
Prior to and all during the marriage both parties have been employed in the Department of Corrections for the State of Connecticut. Plaintiff began her employment there on March 2, 1992, presently holds the rank of sergeant, and at this time works in community enforcement in New Haven. Her financial affidavit reports a gross weekly income of $744 with a weekly net of $545 after the usual deductions. Defendant is deputy warden at the facility in Cheshire and reports a gross weekly income of $1,350 with a weekly net after the usual deduction of $804.
It is noted that plaintiff received a G.E.D. diploma from Cheney Tech in Manchester and from 1981 to 1990 served in the United States Army.
Defendant in his youth attended Sandhurst Military College in England and later received an M.A. degree from Birmingham University. He served in the British Army as a paratrooper from 1965 to 1984 and commencing at age 60 will receive a pension of $250 per month for his military service.
Both parties appear to be in reasonably good health.
B. Other Factors
1. Fault:
Plaintiff claims that on at least two social occasions defendant physically and verbally abused her. In return she had once slapped him in CT Page 6659 the face. She claimed that he called her at work. She admits having initiated calls to him. She claimed he yelled continually at her children. She obtained at least one restraining order against him.
Defendant in response testified as follows "I was happy and thought she was, too. I though I had a good relationship with the two boys. I took them to the lake and to the beach. She is a good money manager." The parties separated in February 2000, and further attempts at a reconciliation were unsuccessful.
2. The court believes the parties to have an equal opportunity for the future acquisition of capital assets and income. Further, on the evidence, it finds that the parties have contributed equally in the acquisition, preservation and appreciation in value of the marital estate.
 VII. The Distribution of the Marital Estate
Having carefully considered and weighed all of the evidence as it pertains to Sec. 46b-81c C.G.S. this court distributes the marital estate of the parties as follows:
Plaintiff shall take and have:
 Her 1/6 interest in the marital home $19,537 situated at No. 25 Edmund Street, Manchester, Conn. (other 1/6 is pre-marital)
1999 Toyota equity 2,500
Household furniture —
American Eagle Credit Union 500
Plaintiff's State of Conn. Retirement Pension —
 One-half the future net proceeds of — defendant's tort claim ________ $22,537
Defendant shall take and have:
1998 Nissan Pathfinder equity $1,100 CT Page 6660
American Eagle Credit Union 600
Defendant's State of Conn. Retirement Pension 26,514
British Army Pension —
 One-half the future net proceeds of — defendant's tort claim
 All defendant's books presently in the marital home ________ $28,214
 VIII. An Adjudication of the Various Monetary Claims of Plaintiff Against Defendant
Plaintiff devoted a large portion of the two day trial in detailing money claimed to be owed her by defendant over the course of their marriage.
A. Concerning the various items listed on plaintiff's Exhibit P, it is found that all were incurred while the parties were living together and should be considered a marital debt to be shared equally by both parties. Plaintiff and defendant shall each be responsible for one half of said total amount of $4,558.97.
B. plaintiff shall be solely responsible for the E.H.A.F.C.U. debt shown on her April 10, 2001 financial affidavit in the amount of $2,000.
C. plaintiff alone shall be responsible for any and all improvements to the family home, including but not limited to siding, windows, driveway and walkway, deck and skylights. The court is unpersuaded that defendant should be in any way responsible for improvements or additions to a home owned by plaintiff and her parents.
D. Regarding the three liabilities listed on defendant's financial affidavit dated April 10, 2001:
1. plaintiff and defendant shall each be responsible for one half the debt in the amount of $3,700 due Bernies Appliance. Said debt was incurred for appliances now in the marital home.
2. Defendant alone shall be responsible for the Discover debt in the amount of $6,900 and the Visa Fleet Bank debt in the amount of $7,000. CT Page 6661
E. Lastly, the present status of various premarital debts of the parties must be determined. On February 5, 1996, one month after the marriage of the parties, they consolidated various premarital debts by borrowing $15,000 from American Eagle Federal Credit Union. Plaintiff's debts were $2,200 while those of defendant were $9,688 or 65% of the total debt.
Still later, when the balance on said American Eagle Loan was $9,600, the parties borrowed $38,000, a portion of which was used to repay the American Eagle loan. The balance on the latter debt is presently $28,460 and the court computes the present balance on the total pre-marital debt to now be $7,160. Of this amount defendant is responsible to plaintiff for 65 percent thereof or $4,673.
 IV. Alimony
This court, having considered all of the provisions of Sec. 46b-82
C.G.S. as well as the proposed orders of each of the parties, awards no alimony to either plaintiff or defendant.
 X. Other Orders
A. All amounts due plaintiff by defendant shall be paid to her within three months from the date hereof and shall bear interest at six percent per annum after said date.
B. plaintiff shall have defendant's name removed from the mortgage note on her house within six months from the date hereof.
C. Both parties shall execute all instruments necessary to carry out the orders of this court.
D. No attorneys fees are awarded to either party.
BY THIS COURT
JOHN D. BRENNAN Judge Trial Referee